DAVID PINGREE *versus* CHARLES H. SNELL.

A. offered to be defaulted for a given sum, in a suit brought against him by B., which offer B. accepted at a subsequent term. A. then claimed his costs of B. from the date of his offer to the time of its acceptance.—*Held,* that A. could not recover costs.

In order to give a defendant, who has filed his offer to be defaulted, a right to costs under the R. S. of 1841, c. 115, § 22, the plaintiff must, 1st, "proceed to trial," and, 2d, fail to recover a "greater sum for his debt or damage" than that for which the defendant offered to be defaulted.

If there has been no trial in the suit, the defendant is neither entitled to costs by reason of his offer, nor thereby relieved from the payment of costs to the plaintiff.

When a statute is revised and parts are omitted in the revision, those provisions are not to be revived by construction.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

This was an action of ASSUMPSIT.

The defendant filed an offer to be defaulted, at the first term, which offer was accepted by plaintiff at the second term, and a default entered accordingly.

The defendant then moved for his costs, from the date of his offer to the time the default was entered, which motion the Court overruled.

To this ruling the defendant excepted.

*A. W. Paine,* for defendant.

*Rowe & Bartlett*, for plaintiff.

1st. The defendant is not entitled to cost by R. S., c. 115, § 22. The original statute on this subject, (Act of 1835, c. 165, § 6,) contains two separate and independent provisions; 1st, that defendant shall recover full costs, if the plaintiff, on the trial, recover less than the sum offered; 2d, that if plaintiff shall accept the offer more than two days after it is made, the defendant shall recover costs accruing after the offer, or after the two days. On the revision of the statutes, the first provision was altered so as to limit defendant's recovery, in case of trial, to costs accruing after the offer, and the second provision was omitted entirely. So the case does not come within the statute as it now stands, the sole contingency, on which defendant can claim costs, not having arisen.

2d. The plaintiff is entitled to full costs.

There is but one state of facts that can prevent the operation of the general rule, which gives costs to the prevailing party; i. e. proceeding to trial and failure, by plaintiff, to recover more than the sum offered. That state of facts does not exist here.

APPLETON, J.— It is provided by R. S., c. 115, § 22, that "in any action founded on judgment or contract, the defendant may offer and consent in writing to be defaulted, and that judgment may be entered against him for a specified sum as damages; and the same shall be entered of record, and the time when the offer was made; and if the plaintiff *shall proceed to trial and recover no greater sum for his debt or damage*, up to the *time* when the offer was made, the defendant *shall recover his costs* of the plaintiff, from the time of such offer *up to the time of trial*," &c. According to the clear and express words of the statute, the defendant is entitled to costs only upon the happening of two events; *first*, that after such offer, the plaintiff shall proceed to trial, and *secondly*, that upon such trial he shall fail to recover "a greater sum for his debt or damage" than that for which the defendant offered to be defaulted. Both must concur to bring a defend-

ant within the provisions of this section. Now in any ordinary use of language, the acceptance of an offer cannot be regarded as proceeding to trial. It rather obviates the necessity of one. If the offer made be accepted, there is not and cannot be a trial.

The costs to be taxed, are from the date of the offer " *up to the time of trial,*" but if there has been no trial, there can be no taxation, for there is no terminal point, *up to which* costs are to be taxed. The words of the statute must be distorted from their natural and accustomed meaning, to allow the defendant his costs.

But upon examining the preceding legislation on this subject, all doubts, if any could be supposed to exist, are removed. Provision was first made by statute of 1835, c. 165, § 6, by which the defendant, upon making an offer to be defaulted, might not merely be relieved of costs, but in certain contingencies might recover them of the plaintiff, notwithstanding he might have been indebted to him. Upon the revision of the statutes, a portion of § 6 was reënacted, with some slight verbal alterations. The last clause of the section was in these words: — " and if after such offer and consent, the plaintiff shall *neglect to accept* of judgment for the sum so offered, for more than two days, the defendant shall be entitled to *recover costs afterwards,* until the plaintiff shall *accept of such offer or surcease his suit,* or shall recover a greater sum," &c. This clause of § 6 was omitted in the revision of our statutes, and this omission can leave no doubt of what was the legislative intention. When a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. *Ellis* v. *Paige,* 1 Pick. 43.

The defendant has not brought his case within the provision, upon which alone he can be relieved from the payment of costs.                                   *Exceptions overruled.*

TENNEY, C. J., and HATHAWAY and CUTTING, J. J., concurred. MAY and GOODENOW, J. J., dissented.

See dissenting opinion of Mr. Justice MAY, in *Mercer* v. *Bingham.*