LOVELL FARR *v.* HORACE D. BRACKETT AND CHARLES CHAPIN, *Trustee.*

*Implied repeal of a statute by the enactment of a subsequent one upon the same subject. Effect of the statute of 1852, relating to assignments for the benefit of creditors, upon the statute of 1843, prohibiting general assignments.*

A statute revising the whole subject matter of a former one, and evidently intended as a substitute for it, will operate as a repeal of the former statute, although it contains no express words to that effect.

The statute of 1843, (compiled statutes, section 6, page 390), declaring all general assignments for the benefit of creditors, null and void, was repealed by the statute of 1852, (Laws of 1852, page 14), in relation to assignments.

The only question in this case related to the liability of the trustee. The case was referred to a commissioner, who reported the following facts:

The defendant, on the 2d of May, 1854, being insolvent, made an assignment of all his property, both real and personal, to the trustee, Chapin, in trust, for the benefit of his creditors. The trustee accepted the trust and took possession of the property described in the assignment. The property assigned was subject to several attachments at the time of the assignment, but before the service of the writ in this case upon the trustee, he had paid all the debts upon which these attachments had been made, out of the

avails of the property assigned to him. At the date of the service of the writ upon the trustee he had converted nearly all the property into cash, and at that time and at the date of the commissioner's report, the trustee had in his hands, from the avails of the assigned property, a sum large enough to pay the plaintiff's claim against the defendant, which was subject to no other encumbrance or trust, except those created by the assignment.

The commissioner found that the assignment was made and executed in compliance with the statute of 1852, relating to assignments.

The plaintiff insisted that the assignment was a *general* assignment, and therefore null and void. But the county court, at the April Term, 1856,—UNDERWOOD, J., presiding,—discharged the trustee. Exceptions by the plaintiff.

*E. Kirkland*, for the plaintiff.

The act of 1843 is not repealed by that of 1852 by implication. There is no repugnancy between the two, and it is a well settled principle, that unless there be a repugnancy, plain and unavoidable, between the new provisions and the former statute, the new enactment does not repeal the former one. *Foster's Case*, 11 Coke 56–63, *a* ; *Stone* v. *Green*, 3 Hill, 472 ; *Isham* v. *Bennington Iron Company*, 19 Vt. 372.

The act of 1852, is merely cumulative. In such case the prior act is not repealed. *Wood* v. *United States*, 16 Pet. 341 ; *Davies* v. *Fairbain*, 3 How. 577.

*Keyes & Howe*, for the trustee.

The assignment was general and made pursuant to the act of 1852. The suit is brought upon the ground that the statute of 1843, which prohibits all general assignments, is still in force, as the act of 1852 contains no repealing clause.

The whole subject matter being revised by the latter statute, it will operate to repeal the former by implication. 8 U. S. Digest, page 337 ; 9 *id.* page 406 ; 10 *id.* 399 ; 11 *id.* 425 ; 14 *id.* 538 ; *Leighton* v. *Walker*, 9 N. H. 59 ; *Isham* v. *Bennington Iron Company*, 19 Vt. 230–249.

The act of 1852 embraces *all assignments* by debtors for the benefit of creditors. See section 1. It embraces *every assignment*.

See section 2. It provides for the inspection of the assignment by *all creditors.* See section 5. This act is treated as a general one by the act of 1855 upon the subject of assignments. Acts of 1855, page 15.

The opinion of the court was delivered by

BENNETT, J. The only question in the case is in relation to the effect of the statute of 1852, relative to assignments, in respect to the act of 1843, which declares all general assignments to be *null and void.* Does the latter act operate by implication to repeal the former? In the case of *Bartlett* v. *King,* 12 Mass. 545, the rule is laid down, that a subsequent statute revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, will still operate to repeal the former statute. This rule, we think, is warranted by the case, as well as by reason and common sense.

The statute of 1843, in general terms, declares all general assignments made by debtors for the benefit of creditors, null and void, as against the creditors of the assignor. We think it is quite clear that the law of 1852 was designed as a substitute for the then existing law on the subject of assignments.

The act of 1852 is entitled " an act in relation to assignments."

The first section in the act provides for the manner in which *all assignments* thereafter made by debtors for the benefit of creditors shall be executed.

The second section declares that *every* assignment shall be specific, and accompanied with an inventory, etc.

The other sections provide in detail for a course of proceedings which are evidently designed to guard the rights of the creditors, and secure a faithful administration of the trust. The design of legislature to revise the law in relation to assignments is too obvious to be mistaken, and it can not be supposed that the legislature intended to continue in force the statute of 1843. The provisions of the statute of 1852 are all general in their terms, and incompatible with the act of 1843. The act of 1855 provides that all assignments made under the act of 1852, shall be for the benefit of all the creditors of the assignors in proportion to their respective claims, thus denying to the assignor the right to give preferen-

ces.   This evidently contemplates a general assignment of a man's property.

The result is, that the act of 1852, must, by implication, be a repeal of the act of 1843.   Judgment affirmed.