City and County of Sacramento *v.* Bird.

---

## CITY AND COUNTY OF SACRAMENTO *v.* BIRD, TREASURER.

Under the Consolidation Act of 1858, the Treasurer of the city and county of Sacramento is entitled to receive for his official services only $3,000 per annum. He is not entitled to the per centage allowed by the State to County Treasurers for money paid by them into the State Treasury. This per centage belongs to the city and county of Sacramento.

Statutes should be construed according to what appears to be the intention of the Legislature, and even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the later statute was clearly intended to prescribe the only rule which should govern, it will be construed as repealing the original Act.

APPEAL from the Sixth District.

Plaintiff had judgment. Defendant appeals.

City and County of Sacramento *v.* Bird.

*Monson & Sunderland,* for Appellant.

*C. Cole,* District Attorney, for Respondent.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This case comes up on an agreed statement.  The suit is brought to recover of the defendant a sum. of money in his hands, claimed to belong to the plaintiff, and which the defendant received from the State Treasury, as a compensation allowed by the general law to the Treasurers of the counties, for paying money in their hands into the State Treasury.  It is claimed by the plaintiff that this sum, under the twenty-eighth section of the Act to incorporate the city and county of Sacramento, (Acts of 1858, 277) belongs to the corporation.

We think the plaintiff entitled to recover.  The twenty-fourth section of the Act of 1858, provides that the Treasurer of the city and county shall receive the sum of $3,000 per annum, as a compensation for his services, and the twenty-eighth section of the same act provides that " every officer, or other person, having the control, collection, or custody of any money collected for taxes, licenses, water rents, fees of office, or for any other account not otherwise herein provided, shall pay the same into the Treasury," etc.  This statute evidently intended that the Treasurer should only receive for his official services the compensation of $3,000 therein provided.  The fact that the per centage, which he claims the right to retain, came from the State for money paid by him into the State Treasury, makes no difference.  He received this money and paid it in, as an officer of the city and county, and this constituted a part of the services for which his salary was paid.

Judgment affirmed.

FIELD, C. J.—I dissent.  I am of the opinion that the County Treasurer is entitled to retain the per centage.

On petition for rehearing, COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The petition for a rehearing must be denied.  Prior to the Consolidation Act, the Treasurer received three per cent. upon all moneys which came into his hands, as a compensation for his official services. That act provides that he shall receive for such services the sum of $3,000 per annum.  It is impossible to avoid the conclusion that this

salary is in lieu of the per cent. previously allowed, and was not intended as additional compensation to the Treasurer. It is true, the law does not favor the repeal of statutes by implication, but it is not true that a statute, without negative words, will in no case repeal the provisions of a former one, unless the two acts are directly repugnant and inconsistent. Every statute must be considered according to what appears to have been the intention of the Legislature, and even though two statutes relating to the same subject be not in terms repugnant or inconsistent, if the later statute was clearly intended to prescribe the only rule which should govern in the case provided for, it will be construed as repealing the original act. (Sedg. on Con. and Stat. Law, 124.) So far as this case is concerned, we think there is no difficulty in arriving at the intention of the Legislature. The language of the act is plain and unequivocal, and the meaning clearly is that the entire compensation shall be $3,000 per annum.

It is contended that, whether the claim of the defendant is valid or invalid, there is no law giving this per centage to the plaintiff, and that consequently the plaintiff is not entitled to recover. The answer is, that all money received by the Treasurer, in his official capacity, belongs to the Treasury, and such portion as is not the property of the State, is necessarily and legally the property of the city and county.

Rehearing denied.