STATE, JAMES ROCHE, PROSECUTOR, v. THE MAYOR, &c., OF JERSEY CITY.

Every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes relating to the same subject be not, in terms, repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the earlier act. The rule does not rest strictly upon the ground of repeal by implication, but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory.

On *certiorari.*

The following statement of facts is agreed upon by counsel of the respective parties:

Prior to the year 1869, the territory now comprised in Jersey City, was under four separate local governments, and was divided into four parts, known as Jersey City, the city of Hudson, the city of Bergen and the township of Greenville.

By an act of the legislature passed April 2d, 1869, (*Pamph. L., p.* 1377,) a consolidation of said three cities and the township of Greenville and certain other townships was proposed and submitted to the electors of the territory interested, for approval.

The ordinances then existing were continued in force. § 122.

An election was held in October, 1869, at which a majority of the voting electors in Jersey City, the city of Hudson, and the city of Bergen voted in favor of consolidation, the townships voting against it.

On the 17th day of March, 1870, "An act to consolidate

and make into one city, to be called Jersey City, the cities of Jersey City, Hudson and Bergen, in the county of Hudson," was passed. *Pamph. L., p.* 1170. See §§ 195, 209, *as to ordinances.*

In 1871, Jersey City, as consolidated, was given a new charter, entitled " An act to re-organize the local government of Jersey City," passed March 31st, 1871. *Pamph. L., p.* 1094.

This act repealed the act of 1870, with the exception of a few sections not material to the case. See §§ 168, 24, *as to ordinances.*

The charter of 1871 is still in force.

The ordinances of the three cities in force at the time of the consolidation, as printed in the case.

In 1870, an ordinance entitled " An ordinance to license and regulate inns and taverns, and restaurants, and the sale of spirituous and intoxicating liquors," was passed by the mayor and aldermen of Jersey City.

On June 9th, 1871, an ordinance was passed in Jersey City, as consolidated, entitled " An act to license and regulate inns, and taverns, and restaurants, and the sale of spirituous and intoxicating liquors," now in force.

The ordinance of 1871 has never been repealed or materially altered.

In 1874, the board of aldermen had printed and published a small volume, containing the ordinances passed by said board of aldermen since May 1st, 1871, under an act entitled " An act to re-organize the local government of Jersey City," passed March 31st, 1871, and the supplements thereto, in which the ordinance of 1871, as above, was printed.

On the 5th day of August, 1877, John W. Bennett made complaint as in the case stated.

The said restaurant of James Roche is within that part of the consolidated city which was formerly Jersey City.

A warrant was issued by the police justice, in an action of debt, for the recovery of the penalty prescribed by the ordi-

nance.  Roche was arrested, tried, and on September 8th, 1877, convicted, and judgment was rendered against him.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiff, *C. H. Winfield.*

For the defendants, *H. Traphagen* and *Gilbert Collins.*

The opinion of the court was delivered by

VAN SYCKEL, J.  James Roche, the prosecutor, was convicted before a police justice for violating the ninth section of an ordinance of Jersey City, passed July 8th, 1862, which prohibits the sale of intoxicating liquors on Sunday.

The question presented by this case is, whether the ninth, tenth and eleventh sections of that ordinance, which forbid the sale of spirituous liquors on the Sabbath, are in force.

If not, then the prosecutor was punishable only by indictment.  *Rev.*, *p.* 493, § 50; *p.* 238, §§ 61, 62.

By an act approved April 2d, 1869, (*Pamph. L.*, *p.* 1377,) Jersey City, Bergen and Hudson City were consolidated.

Previous to the consolidation, each of these places had its peculiar ordinances in reference to licenses and the sale of spirituous liquors.

The ordinances of old Jersey City, (passed July 8th, 1862,) in which Roche lived, by their ninth, tenth and eleventh sections, prohibited the sale of intoxicating drinks on Sunday.

By the one hundred and twenty second section of the act of 1869, (*Pamph. L.*, *p.* 1427,) it was provided "that all ordinances of Jersey City, as at present incorporated, or other ordinances now in force in other cities hereby consolidated, that may be in force when this act goes into effect, so far as they may be applicable to the city hereby incorporated, and so far as not inconsistent with this act, shall be in force until altered or repealed by the common council hereby created."

The ordinances concerning inns and taverns in the several

cities which had been consolidated being very conflicting, it was difficult to determine which of them were to be applied to the whole city.

This difficulty was met by the charter of 1870, (*Pamph. L.,* p. 1170, § 195,) which provided that the various ordinances should be in force within the limits of the city for which they were enacted respectively, and until altered or repealed by the aldermen by that act created.

The effect of this legislation was to leave the ordinances of each of the three cities which had been consolidated, in force within the limits for which they had been originally passed, until altered or repealed.

By the act of 1870, (*Pamph. L., p.* 1195,) power was given to the board of aldermen to pass, alter and repeal ordinances to license and regulate inns and taverns, and regulate the sale of spirituous or intoxicating liquors, or prohibit such sale within the city limits.

Under this authority, the mayor and aldermen of Jersey City passed an ordinance, on the subject of licenses, October 4th, 1870, in which there was no Sunday clause.

Did this ordinance, which applied to the whole city, repeal, by implication, the several ordinances on the same subject, which, up to that time, had been in operation in the several cities which had been consolidated?

It is contended on the part of the city that the ordinances of 1870, which omitted the Sunday clauses, are not inconsistent with sections nine, ten and eleven, the Sunday clauses in the ordinances of 1862 of old Jersey City, and that, therefore, those sections still remain in force. The rule of law relied upon to support this proposition is, that courts are bound to uphold the prior law, if the two acts may well subsist together.

The ordinance of 1870 does not expressly repeal the ninth, tenth and eleventh sections of the ordinance of 1862, and it is a familiar doctrine that repeals by implication are not favored. When there are two laws on the same subject, the rule is to give both effect if possible. But if the two are repugnant in their provisions, the later, to the extent of the repugnancy,

Roche v. Mayor, &c., of Jersey City.

operates as a repeal of the former; and where they are not repugnant in terms, yet if the later act covers the whole subject matter, and it appears that it was intended as a substitute for the first act, it will operate as a repeal of that act.

In *United States* v. *Tynen,* 11 *Wall.* 88, it was held that where there are two acts of congress on the same subject, and the later embraces all the provisions of the first and also new provisions, and imposes different penalties, the later act operates, without any repealing clause, as a repeal of the first.

To have the rescinding effect it is not necessary that the subsequent act should have every provision of the former one; it is sufficient if it revises the whole subject matter, and an intention is manifest to make it a substitute for the earlier act. *Bartlet* v. *King,* 12 *Mass.* 537.

In *Murdock* v. *City of Memphis,* 20 *Wall.* 617, where the question was, whether the second section of the act of 1867, by implication, repealed the twenty-fifth section of the act of 1789, the court said: " A careful comparison of these two sections can leave no doubt that it was the intention of congress, by the later statute, to revise the entire matter to which they both had reference, to make such changes in the law as it stood, as they thought best, and to substitute their will in that regard entirely for the old law on the subject. We are of opinion that it was their intention to make a new law, so far as the present law differed from the former, and that the new law embracing all that was intended to be preserved of the old, omitting what was not so intended, became complete in itself and repealed all other law on the subject embraced within it."

The ordinance of July 8th, 1862, was entitled " An ordinance regulating inns and taverns and restaurants, and the sale of spirituous and intoxicating liquors," and the ordinance of October 4th, 1870, has precisely the same title.

When the latter ordinance was passed, it was expressly for the whole city, and it must be presumed that the aldermen, upon the subject of inns and taverns, intended to make the alteration authorized by section one hundred and ninety five

of the charter of 1870, and to establish a uniform rule for the new city, which should supersede the prior legislation, which had only a local application to one of its divisions.

By dropping out the Sunday clauses, uniformity was established by the operation of the state law throughout the city.

It cannot be supposed that in revising this subject it was intended to maintain a different law for different parts of the same city, when the local legislature had no authority to enact an ordinance which was not, in its operation, co-extensive with the city limits.

It was only by force of the one hundred and ninety fifth section of the act of 1870, that the discordant ordinances of the several cities could be kept in force; they ceased to have any effect when the aldermen passed a uniform law upon the whole subject in 1870. The authorized alteration was made by substituting a new ordinance on the same subject, which omitted the peculiarities of the prior local law, and selected from it such provisions as it was deemed desirable to retain.

When a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not revived by construction, but are to be considered as annulled. *State* v. *Wilson*, 43 *N. Hamp.* 419; *Farr* v. *Brackett*, 30 *Vt.* 344; *Giddings* v. *Cox*, 31 *Vt.* 607; *Pingree* v. *Snell*, 42 *Maine* 53.

Every statute must be considered according to what appears to have been the intention of the legislature, and even though two statutes, relating to the same subject, be not in terms repugnant or inconsistent, if the later statute is clearly intended to prescribe the only rule which should govern the case provided for, it will be construed as repealing the original act.

The rule does not rest strictly upon the ground of repeal by implication, but upon the principle that when the legislature makes a revision of a particular statute, and frames a new statute upon the subject matter, and from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an inten-

tion to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory. *Sacramento* v. *Bird*, 15 *Cal.* 294; *State* v. *Conkling*, 19 *Cal.* 501.

In 1871, a new charter was passed for Jersey City. *Laws of* 1871, *p.* 1094.

By section one hundred and sixty eight of this act, the charter of 1870 was repealed, with a proviso that "all ordinances now in force in said city, so far as consistent with this act, and applicable to the government hereby contemplated, shall remain in force until altered or repealed, and no longer."

There is a marked difference between this language and that of the proviso in section one hundred and ninety five of the charter of 1870. The latter, in terms, saved the local ordinances of the several cities composing the new city, while the act of 1871 seems to contemplate the existence of the fact that under the charter of 1870, the city authorities had exercised the granted power to unify the discordant ordinances, and it preserves only those ordinances in force in the city, not those in force in parts of the city, so far as consistent with the act of 1871, and applicable to the government thereby created.

I think the language in this section shows that it was not designed to perpetuate the anomalous state of things which existed when the charter of 1870 was framed.

It is true that the language "in force in the city," might include "laws in force in parts of the city," yet the fact that the apt words used in the charter of 1870 to save such local laws, were dropped out of the saving clause in the charter of 1871, is significant of the legislative intent.

In my opinion, the ordinance of June 6th, 1871, expresses the will of the legislative department of the city government upon the entire subject mentioned in its title, and its effect is to annul all provisions in the ordinance of 1862 which were not incorporated in it.

The judgment below was without authority, and should be set aside, with costs.