Dureee, C. J.
 

 This is au action by tbe city of Providence against tbe Union Railroad Company, a borse railroad company having its rails laid in tbe streets of tbe city,
 
 *478
 
 to recover moneys alleged to be due for tbe use of tbe streets, under two ordinances of tbe city, severally adopted September 14, 1863, and August 8, 1864. Tbe claim is for tbe use of certain streets during a period of about two vears next prior to July 1, 1877.
 

 Tbe railroad company claims that it bas been released from any liability to pay for tbe use of tbe streets under tbe two ordinances, by a repeal of tbem. Tbe two ordinances bave never been expressly repealed; but in November, 1874, an ordinance was passed, to go into effect on tbe first Monday of January, 1875, entitled, “An Ordinance comprising tbe ordinances of tbe city of Providence,” wbicb was in effect a general revision, and wbicb contained a chapter relating to railroads, embodying many provisions contained in previous ordinances relating to railroads, and among tbem certain provisions contained in tbe two ordinances above mentioned; and tbe railroad company contends that in consequence thereof tbe two ordinances bave been repealed by implication. Tbe company relies on a doctrine wbicb bas been applied by tbe courts to statute revisions. Tbe doctrine is this: that a subsequent statute, revising tbe whole subject matter of a former one, and evidently intended as a substitute for it, will operate as a repeal of it, though it contains no express words of repeal.
 
 Bartlett
 
 v. King, 12 Mass. 537, 545;
 
 Goodenough
 
 v. Buttrick, 7 Mass. 140, 143 ;
 
 Commonwealth
 
 v. Cooley, 10 Pick. 37, 39;
 
 Ellis
 
 v. Page, 1 Pick. 43, 45;
 
 Wakefield
 
 v. Phelps, 37 N. H. 295 ;
 
 Farr
 
 v.
 
 Brackett,
 
 30 Vt. 344. Tbe doctrine is without doubt as applicable" to ordinances as to statutes. If, therefore, tbe chapter relating to railroads, in the revising ordinance, revises tbe whole subject matter of tbe two ordinances under wbicb tbe city sues, and if it is evidently intended as a substitute for tbem, tbe two ordinances must be treated as ordinances wbicb have been repealed by implication.
 

 Tbe two ordinances relate to two horse railroad companies, each ordinance to a different company. After their passage, tbe two companies were consolidated, with four other horse railroad companies, in tbe defendant corporation. Tbe four other companies were severally subject to different ordinances, but neither of tbem was required to pay any money for tbe privilege of using tbe streets. Besides tbe horse railroad companies, there were
 
 *479
 
 three steam railroad companies wbicb were permitted to nse tbe streets under different ordinances, only one of wbicb was required to pay money for tbe privilege.
 

 Tbe chapter of tbe revising ordinance relating to railroads in tbe first place prescribes certain rules and regulations for borse railroads, and, in tbe second place, provides for a continuance of tbe permission, granted by previous ordinances, to both borse and steam railroad companies, to use tbe streets, tbe permission being continued to them under tbe powers and obligations created by tbeir several acts of incorporation, and subject to tbe provisions and upon tbe express terms and conditions of the chapter. The chapter then provides certain terms and conditions wbicb are to be accepted by both borse and steam railroad companies, being for tbe most part terms and conditions which were contained in the original ordinances. There is, however, no provision in tbe chapter that any pecuniary compensation for tbe use of tbe streets shall be required of any company or companies, nor is there any condition exacted from any company or companies wbicb is not exacted from all of them.
 

 It thus appears that tbe provision for pecuniary compensation was exceptional, only three companies out of nine being required to pay it. Tbe ordinances do not disclose any principle, on wbicb tbe compensation was required, wbicb could be expressed by a general rule. It also appears that tbe revising ordinance contained a code of rules and regulations wbicb are binding on all borse railroad companies alike, without distinction, and a digest of terms and conditions wbicb both borse and steam railroad companies are all equally required to accept and perform. Now, this being so, tbe question is, whether tbe provision for pecuniary compensation — wbicb is contained in only three of tbe previous ordinances, there being nine of them, and wbicb applies to only three of tbe companies, there being nine of them — can be treated as repealed by implication, because it is not reenacted in tbe revising ordinance. We think not. It could only have been reenacted as an
 
 addendum
 
 of terms required, not generally of all tbe companies, but only of certain companies by specification, and therefore tbe omission to reenact it can be readily accounted for without concluding that it was intended to be annulled. It is a matter wbicb was not only not revised but wbicb,
 
 *480
 
 moreover, did not belong among matters wbicb were revised in tbe ordinance.
 

 It may be said that the title of the revising ordinance imports that it comprises all the ordinances, and that it is thence infer-able that it was meant to supersede all prior ordinances. This argument would have more force if the revising ordinance did not, in its final chapter, recite a long list of ordinances which are expressly repealed, and at the same time omit to include in the list, not only all ordinances relating to railroads, but also many other ordinances which, beyond question, still remain in full force.
 

 It has been laid down as law that a general statute, without negative words, will not repeal the particular provisions of a former statute, unless the two are plainly inconsistent.
 
 Conley
 
 v.
 
 Supervisors of Calhoun
 
 County, 2 W. Va. 416 ;
 
 Brown
 
 v.
 
 County
 
 Commissioners, 21 Pa. St. 37 ;
 
 Bank of Louisiana
 
 v. Farrar, 1 La. An. 49, 54. We are therefore of opinion that the defence which we have been considering cannot be sustained.
 

 The defendant corporation also contends that it is not liable, because the city had no power to exact a pecuniary compensation for the use of the streets. We do not think this defence is tenable. The charters of the horse railroad companies contain a provision that nothing in the charters shall be construed to allow the companies to construct, use, or continue their roads into, over, or through any street or highway of the city, “ unless with the assent of the city council of said city, and
 
 upon such terms and
 
 conditions, and under such rules and regulations as said city council may impose.” The language, unless limited by construction, is certainly broad enough.to authorize the provision in question. The defendant cites certain cases which hold that a municipal coi'poration has no right, under a simple authority to license, to demand money for the licenses beyond a small fee for incidental expenses. The ground of decision in those cases is that the power to license is a mere police power, and therefore cannot be exercised with a view to revenue, unless conferred in terms which plainly authorize it. But the power here conferred is not a mere police power. Evidently it was conferred not only for the general good, but also to enable the city to protect itself as the body charged with the maintenance and repair of the streets, and it is to be construed fairly in view of its purpose. Rails in
 
 *481
 
 streets are a serious annoyance; they divert travel to other streets, and so necessitate an increase of care and expense, not only where they are laid, but also in such other streets. It is therefore not unreasonable to require the companies to pay something for their privilege. The city, in giving its assent, has required it; and the companies, in accepting the assent, have agreed to comply with the requirement. We think the agreement binds them. We give the plaintiff judgment.
 

 Nicholas Van Slyck Stephen A. Cooke, Jr.,
 
 City Solicitors, for plaintiff.
 

 Charles Mart, James Tillinghast
 
 ¿f-
 
 Francis W. Miner,
 
 for defendant.
 

 Judgment for plaintiff for
 
 $5,589.18
 
 and costs.