[No. 1229.]

## H. PHILLIPS, RESPONDENT, *v.* EUREKA COUNTY, APPELLANT.

TRIAL JURORS—COMPENSATION IN CRIMINAL CASES—STATUTE CONSTRUED.— Under the provisions of the act of 1885 (Stat. 1885, 25, sec. 9), trial jurors in the regular panel are entitled to receive from the county mileage, and, in addition, *per diem*, when accepted and sworn in criminal cases. These fees, together with those received in civil cases, constitute their entire compensation for attendance, travel, and services rendered.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

*A. E. Cheney*, District Attorney of Eureka County, for Appellant:

*Fitzgerald & Beatty*, for Respondent:

By the Court, LEONARD, J.:

This proceeding was instituted under section 362 of the civil practice act, for the purpose of determining whether plaintiff is entitled to receive from defendant the sum of four hundred and twenty-three dollars, for attendance upon the sixth judicial district court in and for Eureka County, by himself and his assignors, as jurors. The result depends upon the answer given to the following question, viz.: Is or is not a trial juror, regularly summoned, who duly appears, attends, and in open court answers to his name, pursuant to the summons and subsequent orders and directions of a district court, at a regular term thereof, as a member of the regular trial jury panel, entitled to a *per diem* of three dollars per day and mileage, although such trial juror be not sworn to try any cause, and does not sit at the trial of any cause on the days for which *per diem* is claimed ?

It is not our province to declare what ought to be the policy of the state touching the compensation of jurors or other persons whose services are required in her behalf. It is our

duty to inquire what compensation the legislature has given, and when that is ascertained our jurisdiction ceases. It may be our private opinion that "the laborer is worthy of his hire," and that no juror or witness should be required to give his time to the public without compensation; still the legislature may have thought and declared otherwise, and if such is the case, that is the end of the matter. From 1861 to the present time jurors on coroners' inquests have been denied compensation. Under the fee-bill of 1865 jurors and witnesses in criminal cases were compelled to serve without pay. In the fee-bill of 1883 it is provided that "for criminal cases no witness fees shall be allowed; * * *" and "no fees shall be allowed to grand or trial jurors in criminal cases; provided, that the same mileage for the same travel shall be allowed to jurors as is allowed to witnesses in this act." (Stat. 1883, 62.) In 1885 section 9 of the fee-bill of 1883, touching the fees of jurors, was amended, entitling jurors in criminal cases to the same fees as in civil cases, "provided, they are accepted and sworn to try the cause." In justices' courts no fees are allowed to jurors in criminal cases. (Stat. 1885, 25.)

From the foregoing references to statutes, it is evident that it has been common to require of citizens services as jurors and witnesses without compensation, and that such is the case at the present time. Although we are of the opinion that the compensation of jurors is governed by the fee-bill of 1883, as amended in 1885, above referred to, yet it may be of service to notice the previous legislation upon this subject. In 1861, "An act concerning juries" was passed, which made no provision for the compensation of jurors. At the same session, "An act to regulate fees and costs" was passed, which in *Thornburg* v. *Herman*, 1 Nev. 474, was construed as allowing compensation for each day's attendance upon the court, whether they were accepted and sworn in any case or not, except where they were impaneled in criminal causes, and resided within five miles of the court-house. In 1865, "An act to regulate fees and compensation for official and other services in the state of Nevada" was passed, which is similar to the statute of 1883, hereafter referred to. In 1869, "An act concerning compensation of jurors" was passed, which allowed jurors, petit and grand, three dollars a day for each day's attendance on court, and twenty cents a mile each way, if he resided more than five miles

from the place where the court was held.   (Stat. 1869, 138; and see Stat. 1871, 56.)   In 1873, "An act concerning juries " was passed, the twelfth section of which allowed each juror three dollars a day for every day he was in attendance on court, and fifteen cents a mile each way.   (Stat. 1873, 129.)   In 1877 that section was amended so as to include grand jurors.   (Stat. 1877, 185.)

Thereafter there was no change in relation to jurors' fees until 1883 (Stat. 1883, 56–62), when the legislature passed "An act to regulate fees and compensation for official and other services in the state of Nevada, and to repeal all other acts in relation thereto."   The first section is as follows:  " The several officers and persons named in this act may demand and receive, for their services rendered in discharging the duties imposed upon them by law, the fees and compensation hereafter specified."   Then, from the second to the sixteenth sections, inclusive, follow the fees and compensation allowed to the clerk of the supreme court, county clerks, recorders, sheriffs, coroners, constables, witnesses, *jurors,* county auditors, judges and clerks of elections, persons carrying poll-books to clerk's office, justices of the peace, interpreters and translators, surveyors and notaries.   The seventeenth section is as follows: " No other fees shall be charged than those specially set forth herein, nor shall fees be charged for any other services than those mentioned in this act."   The forty-second section " repeals all other acts and parts of acts now in force, relating to fees of officers, which fees are collectible by said officers from the persons for whom said services are rendered," and no other acts or parts of acts are repealed in terms.   Section 9 reads thus: " Fees shall be allowed to jurors as follows: For each day, to be paid in civil cases by the party in whose favor the verdict is rendered, * * * three dollars, excepting in justices' courts, when the fee shall be two dollars. * * * No person shall receive any fees for serving as a juror on a coroner's inquest.   No fees shall be allowed to grand or trial jurors in criminal cases; provided, that the same mileage for the same travel shall be allowed to jurors as is allowed to witnesses in this act."   In 1885, section 9 was so amended as to allow " the same fees to grand jurors and to trial jurors in criminal cases as are allowed jurors in civil cases; provided, that said jurors are accepted and sworn to try the cause; and the same mileage for the same travel shall

be allowed to all grand and trial jurors as is allowed to witnesses in this act. No fees shall be allowed trial jurors in criminal cases in justices' courts."

It is claimed by counsel for appellant that the statute of 1873, and its amendment in 1877, " concerning juries," were repealed by the statute of 1883; and that section 9 of that act, as amended in 1885, prescribes the only fees or compensation that jurors are entitled to receive. By respondent it is contended that the statutes of 1873 and 1877 are in force, except in criminal cases, and as to those cases it is admitted that the statute of 1883 prohibited any payment except mileage. It is not and cannot be denied that, as to all other officers and persons named therein, the statute of 1883 prescribes the only services that may be charged for by them, and the only fees or compensation that may be paid or received by them for discharging the duties imposed on them by law. But it is said that jurors are not so limited; that the statute of 1877 was not repealed directly or by necessary implication by that of 1883, except as to jurors actually serving in criminal cases; and that, under the statute of 1885, amending section 9, jurors so serving may now receive three dollars a day.

The title and body of the act of 1883 show it to be an act to regulate fees and compensation for official and non-official services. It regulates the fees and compensation, not only of the officers named, but also of certain persons performing duties required of them by law, who are not officers in the sense of the act. It does not regulate or affect the fees or compensation of any officer or person not mentioned therein, although the repealing clause is that " this act repeals all acts and parts of acts now in force, relating to fees of officers, which fees are collectible by said officers from the persons for whom said services are rendered "; because it is plain that the legislature intended to affect only the fees of officers and persons named. It may be that the legislature intended to mention all officers who collected fees from persons for whom services were rendered, and thought they did so; but they were mistaken, and the fees of such officers remain as they were previously, notwithstanding the sweeping language of the repealing clause. The fees of the secretary of state is an example. This officer is not mentioned in the act, and his fees are in no manner regulated or changed by it. (Gen. Stat. 1798.) The persons who

are not officers, but whose fees are regulated, are jurors, witnesses, judges, clerks and inspectors of election, persons carrying poll-books to clerks' offices, and interpreters and translators.

It is claimed by counsel for respondent that the word "fees" in the act relates solely to "official services," and "compensation" to "other services." We think they are used synonymously, as expressing the pay allowed to the officers and persons named, for non-official as well as official services, and that the word "fees," as used by the legislature, includes the entire pay of jurors—*per diem* and mileage. It is admitted by counsel for respondent that the statute of 1877 was so far repealed by that of 1883 as to prohibit the payment of "fees" to trial jurors in criminal cases. The language of the statute was: "No fees shall be allowed to grand or trial jurors in criminal cases; provided that the same mileage for the same travel shall be allowed to jurors as is allowed to witnesses in this act." "But," say counsel for respondent, "a *per diem* is not a 'fee,' it is 'compensation'; hence the statute of 1877 allowing a *per diem* was not repealed by that of 1883 disallowing 'fees' in criminal cases."

The only fees or compensation jurors have ever been allowed in this state for services are mileage for travel and some sum *per diem.* Now, when the legislature said that no fees should be allowed to jurors in criminal cases, except that they should have certain mileage, the only fee left which they could not be allowed was the *per diem.* Certainly it was intended that some fee usually allowed should not be received by jurors in criminal cases. It could not have been mileage, for that was specifically allowed. It must have been the *per diem.* If it had not been, the allowance made by the *proviso* would have been the *per diem* instead of the mileage. All through the act, save for carrying the poll-books, and in case of commissioners of deeds, the word "fees" is used to express the entire compensation allowed, including the mileage and *per diem* of jurors and witnesses; and, in our construction, we must give to that and other words the meaning intended by the legislature. But there are certain sections that apply exclusively to officers receiving fees. By the eighteenth section officers only are required to keep a fee-book. By the nineteenth, the officers named are required to make monthly statements. By the

twenty-first and twenty-second, officers only are liable to punishment in the cases named. By the twenty-third, officers alone are required to post tables of fees; and section 25 also refers to officers only, although it provides that "all fees prescribed in this act shall be payable in advance, if demanded."

In the first place, it follows immediately after the sections that refer to officers solely, and, as we shall see, it could not have been intended to include the persons named who are not officers. It cannot apply to jurors in civil cases, because section 9 provides that their *per diem* shall be paid, first, by the party in whose favor the verdict is rendered, and this cannot be done until a verdict is given. All other fees of jurors are paid out of the county treasury according to the forms prescribed by law. It might apply to witnesses, but they are covered by a separate provision (section 8), so it need not include them. It was not intended to apply to judges, inspectors, and clerks of election, because section 11 provides, in terms, that their fees *per diem* shall be *audited* and paid out of the county treasury. The same is true of the pay of persons carrying poll-books. The fourteenth section provides that interpreters and translators shall receive such fees as the court by whom they are employed shall certify to be just, and until the services are rendered, the court cannot know what is just.

After giving the questions presented by this appeal the consideration their importance demands, our conclusion is that it was the intention of the legislature of 1883 in passing the act to regulate fees, etc., to revise the whole subject-matter of fees and compensation of trial jurors, for any and all services rendered by them, and to prohibit payment for any service not specified therein. The authorities are numerous and uniform that such a statute repeals all former laws upon the same subject. (*Thorpe* v. *Schooling,* 7 Nev. 16; *State* v. *Conkling,* 19 Cal. 501; *City and Co. of Sacramento* v. *Bird,* 15 Cal. 294; *Gorham* v. *Luckett,* 6 B. Mon. 154; *U. S.* v. *Tynen,* 11 Wall. 92; *Nichols* v. *Squire,* 5 Pick. 168.)

We are brought to this conclusion by the title of the act; by the language of the first and seventh sections; by the entire act. Against our conclusion is urged the fact that by the forty-second section "all acts relating to fees of officers, which fees are collectible by said officers from the persons for whom said

services are rendered " are repealed in terms; and no mention is made of the twelfth section of the act of 1873, or its amendment of 1877, which plainly allowed *per diem* for every day's attendance. It is a maxim of the law that "the express mention of one thing implies the exclusion of another," but it is not of universal application, and great caution is requisite in dealing with it. (Broom, Leg. Max. 653.) Should it apply in this case? Because certain statutes relating to fees of officers are repealed in terms, while no mention is made in the repealing clause of statutes fixing the compensation of jurors, must we necessarily conclude that the legislature did not intend to repeal the latter? We think not; but on the contrary, it is our duty to ascertain the legislative intent from the entire statute. It is certain that the twelfth section of the act of 1873 concerning juries, as amended in 1877, was repealed by the act of 1883, as to the allowance of a *per diem* to grand and trial jurors in criminal cases, and yet there is no suggestion of such repeal in the repealing clause. The same is true as to mileage; that is to say, under prior statutes, jurors received fifteen cents a mile each way, while under that of 1883 they were allowed thirty cents per mile for traveling to the place of trial.

But without considering the statute itself, which to us shows the intent of the legislature to have been as above expressed, let us look at the question from another standpoint. It is not probable the legislature intended to put only a *part* of the fees that *jurors* might be allowed in the fee-bill, but *all* that any *other* person or any officer should receive. It is not probable that the intent was to fix the compensation in the matter of mileage and the *per diem* in the civil and criminal cases by the fee-bill of 1883, but to have the statute of 1877 govern as to *per diem*, when jurors were in attendance on court, but not actually sitting in a cause. The idea of a free-bill is that it contains a complete list of fees that may be demanded and paid.

Again, whatever fees jurors on a regular panel receive come from the county, except *per diem* in civil cases. There is reason, on the score of economy, for enacting that jurors shall receive nothing but mileage and fees in civil cases; at least, all are served alike under such a law. But there is neither equality of treatment nor economy in saying that a juror who is in attendance for a month, but sits in no case, shall receive about

ninety dollars besides his mileage, while another, who is compelled to assume the responsibility and endure the perplexities of a protracted criminal trial, shall not be entitled to a per *diem*. In the presence of this law it is absurd to think that the legislature intended to refuse payment to jurors who work, but to grant it to such as are unemployed. It is much more consonant with reason and justice, as well as the plain reading of the law, to say that, for economical reasons, it was concluded wise to deny fees, except mileage and per *diem* in civil cases. This, we think, is what was done. That the legislature of 1885 (Stat. 1885, 25) construed the statute of 1883 as we do, admits of no doubt. It amended section 9 so as to allow the same fees to grand jurors and trial jurors in criminal cases as are allowed in civil cases, provided they are accepted and sworn to try the case. Suppose there are fifty jurors on the regular panel, and twelve are accepted and sworn to try a criminal cause. The twelve get pay because they are accepted and sworn. Otherwise they would receive nothing. In other words, the thirty-eight not accepted are not paid while the trial continues. If this is not so, then the proviso amounts to nothing. Why should the legislature allow per *diem* to jurors not sitting in a civil case, or when a case is being tried without a jury, or when the court is not in session, but deny it to those not sitting in a criminal case? There is the same reason for allowance or disallowance in one case as in the other. In neither are the jurors actually employed, but in all they are taken from their homes and business, and subjected to unusual expense.

Without pursuing the subject further, our opinion is that the twelfth section of the statute of 1873, " concerning juries," as amended in 1877, was repealed by the act of 1883, "An act to regulate fees and compensation for official and other services in the state of Nevada, and to repeal all other acts in relation thereto "; that the ninth section of the latter act, as amended in 1885, is the latest and controlling statute in the matter of jurors' fees or compensation; and that under it trial jurors in the regular panel are entitled to receive from the county mileage, and, in addition, per *diem*, when accepted and sworn in criminal cases. These fees, together with those received in civil cases, constitute their entire compensation for attendance, travel, and services rendered.

The judgment of the court below is reversed, with costs against respondent.