TOWN of NOME v. SCHNEIDER.

(Second Division. Nome. April 26, 1906.)

No. 1,434.

1. LICENSES (§ 5½*)—STATUTES—TAXATION—TOWNS.

The town of Nome passed an ordinance to impose and collect a license tax on business conducted within the town, and fixing a penalty for the violation thereof. The defendant was arrested and fined in the municipal court for violation thereof and appealed. *Held*, that the prior acts of Congress authorizing towns in Alaska to impose license tax on business was repealed by the amending and codifying act of April 28, 1904 (33 Stat. 529), and the town was without authority to impose either a tax on business or a penalty for nonpayment.

[Ed. Note.—For other cases, see Licenses, Dec. Dig. § 5½.*]

2. STATUTES (§§ 131, 147*)—AMENDING—CODIFYING.

Where a later statute is intended to alter former laws, and to introduce new provisions or modifications therein, it is an amendatory·law. To the extent, however, that it reduces to one system or body of law all the law upon the subject, it codifies the law upon that subject.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 199, 216; Dec. Dig. §§ 131, 147.*]

3. STATUTES (§ 161*)—IMPLIED REPEAL—INCONSISENT ACTS.

If two statutes relate to the same subject-matter, though not in terms repugnant or inconsistent, if the later one is plainly in-

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

tended to prescribe the only rule that shall govern, it will repeal the earlier.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 230–234; Dec. Dig. § 161.*]

4. STATUTES (§ 167*)—CODIFICATION—REPEAL.

Where one act is framed from another, some parts taken and others omitted, the later act operates, without any repealing clause, as a repeal of the first.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 242, 243; Dec. Dig. § 167.*]

The defendant was arrested upon a warrant issued by the municipal magistrate for the town of Nome on the 10th day of February, 1906. The complaint which was the basis of the warrant charged defendant with unlawfully keeping a lodging house in the town of Nome, without first obtaining a license to conduct and carry on said business, contrary to an ordinance entitled "An ordinance to impose and collect a license tax on business conducted within the corporate limits of the town of Nome, and to provide for the collection thereof, and fixing a penalty for the violation thereof." To the charge the defendant pleaded not guilty, but admitted that she conducted a lodging house, and the case was submitted to the court upon the pleadings, whereupon the defendant was found guilty on the 9th day of April, 1906, and was adjudged and sentenced to pay a fine of $25, with costs taxed at $5.50.

From the judgment the defendant appeals to this court, and the case was submitted for trial upon the record and briefs of counsel.

Jas. W. Bell, for appellant.

George D. Schofield, for appellee.

MOORE, District Judge (after reciting the foregoing facts). In chapter 21 of the Civil Code of Alaska, provision is made

for the incorporation of municipalities in the territory. In section 201 of this chapter the powers of town councils are enumerated in five brief paragraphs. This section is amended by section 3 of an act of Congress approved March 2, 1903, containing 12 paragraphs. 32 Stat. 945.

Paragraph 5 of section 201 of the Civil Code empowers the town council "to impose and collect a poll tax on electors, tax on dogs, a general tax on real and personal property, possessory rights and improvements, and such license tax on business conducted within the corporate limits as the council may deem reasonable."

By section 3 of the amendatory act of March 2, 1903, the powers of the town council are enlarged. The language of the section (paragraph 10) is that the town council shall have power as follows:

"By ordinance to impose such license tax on business conducted within the corporate limits as the council shall deem reasonable, and to provide for its collection by fine and penalty, as for violation of other ordinances."

Paragraph 11 confers the additional power, namely:

"By ordinance to provide reasonable punishment for the violation of municipal ordinances by a fine * * * or by imprisonment in the municipal jail."

The act of 1903 is entitled "An act amending the Civil Code of Alaska, providing for the organization of private corporations, and for other purposes." Under the authority of said section 3 of this act, pars. 10 and 11, the town of Nome enacted a license tax ordinance. The defendant was convicted and sentenced under the provisions of said two paragraphs.

Another act upon the subject, the act of April 28, 1904, is entitled "An act to amend and codify the laws relating to municipal corporations in the District of Alaska." 33 Stat. 529. This statute contains 13 paragraphs devoted to a schedule or enumeration of the powers of the town council of municipal

corporations, but contains no provision for the imposition of a license tax corresponding with the tenth paragraph of section 3 of the act of March 2, 1903. The statute has also a repealing section, which is in these words:

"Sec. 8. That all acts or parts of acts inconsistent with this act are, to the extent of such inconsistency, hereby repealed."

It will be observed that the enumeration of the powers of a town council in the later act are fuller and more detailed than in the former act of 1903, notwithstanding the omission of the section giving to councils the right and power to impose a license on business. Considerably more space is taken up with a recital of the various powers a council may exercise.

Now the one question for determination is: Does the act of April 28, 1904, repeal by implication the act of March 2, 1903? The title of the act of April 28, 1904, names two purposes of the Legislature in enacting it; one purpose being to amend the act of March 3, 1903, and the other to codify the law relating to municipal corporations. So far as its effect is merely to alter former laws relating to municipal corporations, and to introduce new provisions or modifications therein, it lies within the scope and meaning of an amendatory law. To the extent however, that it reduces to one system or body of law all the law upon the same subject, it codifies the law upon that subject. If two statutes relate to the same subject-matter, though not in terms repugnant or inconsistent, if the latter one is plainly intended to prescribe the only rule that shall govern, it will repeal the earlier. Sedgwick on Construction of Statutory and Constitutional Law, p. 100, with footnotes. The two sections of the two statutes now compared are not repugnant or inconsistent. It cannot be said with sound reason to support the assertion that an omission in the later statute to include a section or paragraph of the former amounts to a clash between them. The later statute being a revision of section 3 of the earlier act, as the title of the act expressly indicates, the new section ex-

punges the former section and takes its place as the law upon the extent of the powers of town councils of incorporated towns.

"Where a statute is evidently intended to revise the whole subject treated in a former statute, and to be substituted therefor, it repeals such former statute." Sedgwick on Construction of Statutory and Constitutional Law, p. 365. Note Tracy v. Tuffly, 134 U. S. 206, 10 Sup. Ct. 527, 33 L. Ed. 879; District of Columbia v. Hutton, 143 U. S. 18, 12 Sup. Ct. 369, 36 L. Ed. 60. Sections omitted in a revision are not revived, but annulled. Pingree v. Snell, 42 Me. 53. Where a provision is amended by the form to read "as follows," the intention is manifest to make the provision following a substitute for the old provision and to operate exclusively in its place. Sutherland on Statutory Construction, p. 208. Even without a repealing clause, the later law repeals the former section; for where one act is framed from another, some parts taken and others omitted, the later act operates, without any repealing clause, as a repeal of the first. Id. p. 209. This rule applies without question to the sections now considered, because the new section is intended by the Legislature to be a complete substitute for the previous provision. Id. pp. 209, 210.

I have thus far been considering the effect of the adoption of the new section of the act of 1904 defining the powers of a town council upon a section in a former law which also contained an enumeration of their powers, and I have concluded that the new section is a repeal of the former section, because it was meant to displace the former.

In the case of School Board of Nome v. Common Council of Nome[1], it was decided by this court that the judicial power to determine how much money would fulfill the needs of the public schools of incorporated towns was never given to the common council. The court went further, and said that this

[1] Not yet reported.

power properly belonged to the district court, because it was expressly vested in that court by the act of March 2, 1903, and was not taken away expressly or impliedly by the act of April 28, 1904. The power of the district court in the premises remained intact as it was when first conferred upon the court by the act of 1903. The act of 1904 makes no attempt to define what shall be the powers of the district court as to public school funds. It does undertake to define all the powers of town councils in a codifying act. In the School Board Case it was decided that the powers of the court continued unaffected by the act of 1904, and rightly, too, because the powers of the court were not made the subject of that act. Hence there is no inconsistency, as argued by counsel, between the conclusions reached in the case at bar and the rulings of the court in the School Board Case.

It follows that the judgment of the court of the municipal magistrate now reviewed pursued an ordinance having no authority or sanction of law, and accordingly the judgment must be, and now is, reversed and set aside, at the cost of the appellee.