[No. 2253]

## MARY BELLE H. COFFIN, Respondent, *v.* JOHN ROBERTS COFFIN, Appellant.

[163 Pac. 731]

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—TIME FOR FILING—STATUTE—CONSTRUCTION.

Stats. 1915, c. 142, sec. 13, providing that assignments of error shall be served on the adverse parties and filed with the clerk of the supreme court within twenty days after an appeal has been taken, and that if not so filed no error shall be considered, is peremptory and leaves no room for construction, so that, if the assignment be not filed within the time limited, the omission may not be cured by a subsequent filing, in the absence of fraud, bad faith, or deception on the part of respondent.

2. APPEAL AND ERROR—CONSTITUTIONAL RIGHT OF APPEAL—STATUTE—CONSTRUCTION.

Stats. 1915, c. 142, sec. 13, requiring assignments of error to be served and filed within twenty days, does not deprive an appellant of his constitutional right of appeal, since while the constitution gives the right of appeal, and the legislature, under the pretense of prescribing forms, cannot deprive parties of substantial rights, the constitutional right of appeal is to be enjoyed and exercised subject to the regulations of law and practices of the court.

3. APPEAL AND ERROR—ASSIGNMENT OF ERROR.

An assignment of errors is founded upon the bill of exceptions.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard*, Judge.

Suit for divorce by Mary Belle H. Coffin against John Roberts Coffin. Judgment for plaintiff, motion for new trial denied, and defendant appeals. **Motion to dismiss appeal sustained.**

*Summerfield & Richards,* for Appellants:

The construction of the provision in regard to the filing and serving of the assignment of errors must be one that will cover every situation which may arise thereunder. The court will not construe the statute to apply specifically to this case, and in another case, under different circumstances, make a further construction. Obviously, the intention of the statute is that the assignment of errors must be filed and served within twenty days after an appeal is taken by the filing of the record in this court. (Stats. 1915, p. 164.)

"The right of appeal is favored by the law, and it will not be held to have been waived except upon clear and decisive grounds; and where a judgment or decree involves distinct or severable matters or demands, a waiver or estoppel as to only one will not prevent an appeal as to the residue." (3 C. J. sec. 535.) "But in order to bar the right of appeal on the ground of acquiescence, the acts relied upon must be such as to clearly and unmistakably show acquiescence, and it must be unconditional, voluntary, and absolute." (3 C. J. 536.)

*Hoyt, Gibbons & French,* for Respondent:

The appeal should be dismissed, or an order should be entered affirming the judgment and order of the district court, for the reason that appellant did not comply with the requirement of the statute by filing his assignment of errors and serving the same within twenty days after the appeal was taken; and for the further reason that appellant has accepted the benefits of the judgment appealed from in so far as said judgment is favorable to him, and has complied with all the terms of the decree in so far as it imposed burdens upon him, and he is thereby estopped from taking this appeal or further prosecuting

the same, or in any way attacking the validity of the judgment appealed from in any particular whatsoever. (*McKain* v. *Mullen*, 29 L. R. A. n. s. 1.)

By the Court, SANDERS, J.:

This appeal was taken on the 19th day of June, 1916, from a judgment and order of the district court of the Second judicial district of the State of Nevada, in and for the county of Washoe, granting respondent a decree of divorce from appellant, and denying appellant's motion for a new trial. Respondent, on the 14th day of October, 1916, filed with the clerk of this court a notice of motion for an order dismissing the appeal or affirming the judgment and order appealed from. So much of the notice of said motion as is pertinent is as follows:

"That said appellant did not within twenty (20) days after his appeal herein had been taken serve the party adverse to the appellant herein, to wit, the said respondent, or file with the clerk of this court an assignment of errors or any assignment of errors whatsoever, but on the contrary served and filed said assignment of errors herein on the 12th day of September, 1916, whereas the said appeal of appellant herein had been taken and perfected herein on the 19th day of June, 1916. * * *"

The motion came on to be heard on the date fixed for the argument of this cause on its merits. After argument the motion was submitted on the affidavit and counter affidavits of counsel for the respective parties without briefs.

This court has not heretofore had occasion to pass upon the effect of a failure to serve and file with the clerk of this court an assignment of errors within the time limited by section 13 of an act approved March 16, 1915 (Stats. 1915, p. 166). The section is as follows:

"Within twenty (20) days after any appeal has been taken from any order or judgment, the party or parties appealing shall serve the adverse parties and file with the clerk of the supreme court an assignment of errors, which assignment shall designate generally each separate error,

specifying the page and lines of the record wherein the same may be found. Any error not assigned shall not be considered by the supreme court. If the party fails to file such assignment within the time limited, no error shall be considered by the supreme court. The assignment of errors herein provided for shall be typewritten, paged, and the lines numbered, and the appellant shall furnish three copies thereof for filing in the supreme court."

By this section of the statute, assignment of errors is made an essential part of our practice on appeal. Expressions found in numerous decisions of this court, to the effect that only such errors as are embraced in the assignment of errors will be considered, have become by statute a positive law, and if the assignment, as provided for, be not served and filed within the time limited by the statute, no error shall be considered. The statute is express and peremptory in its terms; it is not a mere matter of form that can be waived or dispensed with by the agreement of the parties or lenity of the court, but it is one of substance. It leaves no room for construction or lax interpretation. There is no saving clause, and this court has no choice but to follow and obey the law. (*Corbett* v. *Job*, 5 Nev. 204; 3 C. J. sec. 1462, p. 1332.)

**2.** It is urged by counsel for appellant that to sustain the motion would be to derive appellant of his constitutional right of appeal. It is true that the constitution gives the right of appeal, and the legislature, under the pretense of prescribing forms, cannot deprive parties of substantial rights. (*Howard* v. *Richards*, 2 Nev. 137, 90 Am. Dec. 520.) But it is equally true that the constitutional right of appeal is to be enjoyed and exercised subject to the regulations of law and practices of the court. (*Townsend* v. *Smith*, 12 N. J. Eq. 350, 72 Am. Dec. 403.) Nor is the case presented by the motion such as to call into exercise the inherent power of the court. Before this principle can be invoked to qualify a statutory limitation, there must be fraud, bad faith, or deception practiced on the part of respondent. (*Smythe* v. *Boswell*, 117 Ind. 365, 20 N. E. 263.) Neither is charged here.

**3.** The utmost effect that can be given the affidavits of the parties is that that of counsel for appellant tends to show that counsel for appellant believed that one of the counsel for respondent, when he returned from an extended absence from his office, would stipulate with affiant that the record of the case, as prepared in an abbreviated form and left with another member of the firm, should constitute the record on appeal in this cause; and those of counsel for respondent tend to show that there was no foundation for such belief. Conceding the facts as detailed in the affidavits to be true, they do not authorize a departure from an independent and positive requirement of the statute. The time for serving and filing an assignment of error does not run from the date of the certification of the record on appeal, but from the date of appeal. Assignment of errors is founded upon the bill of exceptions. (2 Am. & Eng. Pl. & Pr. 965.) The bill of exceptions was engrossed, as provided by statute, settled and allowed on the 19th day of June, 1916. The appeal was taken on the same date.

We are in accord with an expression of this court found in the case of *Corbett* v. *Job, supra,* that it is always disagreeable to decide a case upon a mere question of practice. But the statute clearly governs, and its positive requirement leads us to the conclusion, as it did the court in the case of *U. S.* v. *Tidball,* 3 Ariz. 384, 29 Pac. 385, that if the assignment be not filed within the time limited the omission may not be cured by a subsequent filing.

As the motion has been made and insisted upon, we have no discretion in the premises. The motion to dismiss the appeal must be sustained.

It is so ordered.