# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### JULY TERM, 1919

---

[No. 2326]

GEORGE W. GILL, APPELLANT, *v.* THE GOLDFIELD
CONSOLIDATED MINES COMPANY (A CORPO-
RATION), RESPONDENT.

[176 Pac. 784; 184 Pac. 309]

1. STATUTES—CONSTRUCTION—LEGISLATIVE KNOWLEDGE — PRESUMP-
TION.
    It may be presumed that the legislature adopted Civ. Prac.
Act, sec. 386 (Rev. Laws, 5328), requiring that a motion for new
trial must be made and determined before an appeal based on
insufficiency of evidence can be taken, with full knowledge
that the existing practice was otherwise.

2. CONSTITUTIONAL LAW—JUDICIAL AUTHORITY—CONSTRUCTION OF
STATUTES.
    Whether a statute was repealed by a later one is a judicial,
and not a legislative, question.

3. STATUTES—REPEAL—LEGISLATIVE INTENTION.
    Whether one statute was repealed by another is a question
of legislative intention, which is to be determined by acknowl-
edged rules.

4. STATUTES—REPEAL BY IMPLICATION.
    Stats. 1915, c. 142, revises the subject-matter of Rev. Laws,
5343 (Civ. Prac. Act, sec. 401), respecting statements on appeal,
and substitutes therefor in toto a system of bills of exception,
and hence repeals by implication the earlier statute.

5. STATUTES—REPEAL BY CODIFICATION—REVISION—OMITTED PARTS.
    Where a statute is revised or one act framed from another,
some parts being omitted, the omitted parts are considered
annulled.

6. STATUTES—REPEAL—REPUGNANT ACT.

One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose.

7. STATUTES—IMPLIED REPEAL—CONFLICT IN OBJECTS.

Although Civ. Prac. Act, sec. 386 (Rev. Laws, 5328), and Stats. 1915, c. 142, relate to the same subject, both being designed to correct errors on appeal, the purpose of the former was to require a motion for new trial before taking appeal, while the object of the latter was to provide the method of appeal by bills of exception, so that the latter does not repeal the former by conflict in objects.

8. APPEAL AND ERROR—METHOD OF APPEAL—STATUTES.

Where the method of appeal is prescribed by statute, it must be followed, and the assumption that a ceremony is useless will not justify a departure therefrom.

9. APPEAL AND ERROR — REVIEW — ASSIGNMENTS — NECESSITY OF MOTION FOR NEW TRIAL.

Where an appeal is based upon alleged errors relating to evidence as pointed out under Rev. Laws, 5323 (Civ. Prac. Act, sec. 381), a motion for a new trial must be made and determined before the appeal is taken, as required by section 5328 (section 386).

### ON REHEARING

1. APPEAL AND ERROR—JURISDICTION ACQUIRED BY APPEAL ON JUDGMENT ROLL. .

Though an appeal was taken on the judgment roll alone, and the appellate court did not acquire jurisdiction to review errors other than those appearing on the face of the judgment roll, the appellate court acquired jurisdiction of the appeal.

APPEAL from Seventh Judicial District Court, Esmeralda County; *J. Emmett Walsh,* Judge.

Action by George W. Gill against the Goldfield Consolidated Mines Company, a corporation. Judgment for defendant, and plaintiff appeals. **Motion to dismiss appeal sustained.**

On rehearing, **former judgment affirmed.**

*John F. Kunz,* for Appellant:

Not only has the respondent failed to interpose his attack against the appeal in the manner provided by law, but the appeal itself has been taken in strict accordance with the recent legislative enactment.

There has never been before the court a motion to dismiss, only a notice of intention to move to dismiss the appeal having been filed.

An appeal may be taken from the judgment alone, under the practice which prevailed prior to the enactment of the statute of 1915.    Also, there are certain assignments of error set forth by respondent, which under the old practice could be reviewed without first making a motion for a new trial as formerly required under section 5328, Revised Laws.    Therefore, if the respondent desired to assail the method of appeal, it could not be reached by a motion to dismiss.    Written objections and exceptions, as set forth in rule 8 of the supreme court rules, should have been filed at least one day prior to the argument.    In the absence of a statute, the rules of the supreme court have the same force and effect as statutory enactments.

*Hoyt, Gibbons, French & Springmeyer* and *Benj. J. Henley,* for Respondent:

Motion for a new trial not having been made, this court has no ·jurisdiction to entertain or consider the appeal.    Rule 8 of the supreme court has no application. Said rule requires that only those exceptions or objections which might be "cured on suggestion of diminution of the record" must be noted in the written or printed points of respondent and filed at least one day before the argument, or they will not be regarded, and the error here referred to cannot be cured by this court. Skaggs v. Bridgman, 39 Nev. 310.

The statutes are express and specific in their terms, providing that, where an appeal is based upon the ground of error assigned, a motion for a new trial must be made and determined before an appeal is taken, and that no errors other than those specified in the memorandum of errors, required by section 5322, Revised Laws, shall be considered, either upon the motion for a new trial or upon the appeal.

By the Court, SANDERS, J.:

The plaintiff brought this action to recover from the defendant corporation the sum of $10,000 as damages

for the wrongful death by drowning of his child, 9 years of age, in a reservoir erected and maintained by the defendant upon its premises for the purposes of fire protection to the defendant's milling plant or reduction works situated near by. The plaintiff sought to recover the sum stated, upon the theory that the reservoir was in law and in fact an "attractive nuisance," and that at the time of the drowning of the child the reservoir was not safeguarded as required by the statute entitled "An act to secure persons and animals from danger arising from mining and other excavations." Rev. Laws, 3233. At the trial the jury returned a verdict in favor of the defendant, and judgment was entered accordingly. This appeal is taken from the judgment alone.

Upon calling the case for argument in this court, the respondent, upon notice previously given, moved the court to dismiss the appeal, upon the ground that no motion for a new trial was ever made in the lower court before the appeal was taken, and that no memorandum of errors was filed and served as contemplated by section 5322, Revised Laws.

**1-5.** Section 386 of our civil practice act (Rev. Laws, 5328) upon which the motion is based, provides:

"Where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, or to support the findings, or upon alleged errors in ruling upon the evidence, or upon instructions claimed to be erroneous, a motion for a new trial must be made and determined before the appeal is taken. In all other cases the party aggrieved may appeal with or without first moving for a new trial; but by appealing without first moving for a new trial, the right to move for a new trial is waived."

It is admitted that no motion for a new trial was made in the court as contemplated by this section, and it is conceded that the appeal in this case is based upon alleged errors in ruling upon the evidence, the giving of

instructions claimed to be erroneous, and the refusal to give instructions claimed to be correct. The question raised by the motion to dismiss, therefore, is: Is it essential to the jurisdiction of this court on an appeal from a judgment that it should affirmatively appear from the record that a motion for a new trial was made and determined before the appeal was taken? Manifestly the legislature by the adoption of section 386 clearly evinced an intention that an appeal which is based upon certain errors raising questions dependent upon the evidence for determination should not be considered in the appellate court unless the court below had been afforded an opportunity to correct such errors by motion for a new trial. The section as adopted had no place in the old procedure. What is made by it a statutory rule was once characterized by this court as being entirely unnecessary. Cooper v. Pac. Mutual Life Ins. Co., 7 Nev. 116, 8 Am. Rep. 705. In that case the court said:

"It is the everyday practice under the new system, as well as the old, to take cases to the appellate courts upon bill of exceptions, upon which all rulings raising legal questions may be reviewed. Will it be argued, for example, that a question growing out of the instructions or charge to the jury cannot be reviewed, except when a motion for a new trial is made? Certainly not. * * * "

It may be presumed that the legislature adopted section 386 with full knowledge of the state of the practice then existing. By a subsequent contemporaneous section of the practice act (section 401; Rev. Laws, 5343) it is provided, inter alia, that at the time a decision, order, or ruling is made, and during the progress of the cause, before or after judgment, a party may take his bill of exceptions to the decision, order, admission, or exclusion of testimony or evidence, or other ruling of the court or judge on points of law, and any party aggrieved may appeal from the judgment without further statement or motion. By section 386, where the appeal is

based upon the same errors as those embraced in section 401, the party aggrieved must first move for a new trial before taking his appeal. By section 401 the same errors may be reviewed on appeal from the judgment without such motion. We are not here called upon to reconcile the obvious inconsistency of these provisions, except as incident to the solution of the main question presented in opposition to the motion to dismiss the appeal, namely, that section 386, upon which the motion to dismiss is based, was repealed by the approval of a subsequent act entitled:

"An act supplemental to and to amend an act entitled 'An act to regulate proceedings in civil cases in this state and to repeal all acts in relation thereto,' approved March 17, 1911." Stats. 1915, p. 164.

Section 2 of the act provides:

"Any party to an action or special proceeding from the time said action or proceeding is called for trial, and until including final judgment has been entered therein, may object and except to any ruling, decision, or order of the court or judge made therein, and, within twenty (20) days after such objection and exception, serve and file a bill of exceptions to such ruling, decision, or action of the court, which bill of exceptions shall be settled and allowed by the judge or court, or by stipulation of the parties, as in the preceding section provided, and when so settled and allowed shall be and become a part of the record of said action or proceeding."

Section 7 of the act provides:

"Bills of exception provided for by section 2 of this act may be prepared, served, and filed within twenty (20) days after a motion for a new trial has been determined by the court, and all errors relied upon which may have occurred at the trial, or which may be alleged against the findings, or exceptions to the findings as made, and all errors based upon any ground for a new trial, may be included therein, and all such errors may be reviewed by the supreme court on appeal from the

judgment or order denying the motion for a new trial."

Section 15 of the act provides:

"Sections 389, 390, 391, 392, 393, 394, 395, 396, and 397 of the above-entitled act, and all provisions of law in conflict herewith, are hereby repealed; but nothing contained herein shall affect or invalidate any proceedings already had in any action or special proceeding now pending, but said action or proceeding may be finally heard and determined upon the record made under the existing law."

It will be observed that neither section 386 nor section 401 of the practice act are expressly repealed by the act of 1915. Whether a statute was repealed by a later one is a judicial, not a legislative, question. It is therefore a question of judicial construction whether section 386 is in conflict with the statute of 1915, and whether section .401 was repealed by said act. Repeal or no repeal is a question of legislative intention; and there are acknowledged rules for ascertaining that intention. From the framework of the statute of 1915 it is apparent that the legislature designed it to be and to operate as a complete revision of the practice then in vogue respecting statements on appeal, and to substitute therefor, in toto, a system of bills of exception. The act specifies with much particularity how and when exceptions may be taken, how they may become a part of the record, how to be prepared and served, and what may be included therein to be reviewable on appeal from the judgment or order denying the motion for a new trial. The act is a complete revision of section 401, and operates to enlarge the common acceptation of bills of exception so as to make it perform the function of a statement on appeal. Section 5 of the act provides, inter alia, that the shorthand report of the proceedings in any action, when certified to, may, at the option of any party, be submitted to the court for allowance and settlement, as the bill of exceptions required under the provisions of the act, and become a part of the record. The option is

usually exercised. Prior to the act of 1915 section 401 was declared by this court to be a separate and distinct method of appeal. Ward v. Silver Peak, 39 Nev. 80, 148 Pac. 345, 153 Pac. 434, 154 Pac. 74. It will be observed that the provision contained in section 401 that makes it a separate and distinct method of appeal was not carried into the act of 1915. The latter act provides in detail how the record may be placed in condition to be reviewed on appeal from the judgment or order denying a motion for a new trial, but, unlike section 401, it is silent as to the method of appeal. In this state of the law the question whether it is necessary to first move for a new trial before taking an appeal from the judgment is vexatiously doubtful. The two provisions relate to the same subject-matter, and it cannot be said that they are different in purview; neither are they repugnant or inconsistent, but the latter statute is clearly intended to prescribe the only rule which should govern the cases provided for in the former, and omits the provision of the section: "The party aggrieved may appeal from the judgment without further statement or motion." What, then, is the effect of the statute of 1915 upon section 401? The rule is that, if the new statute revises the subject-matter of the old, and is plainly intended as a substitute, it will operate as a repeal of the old statute. Thorpe v. Schooling, 7 Nev. 15; State v. Rogers, 10 Nev. 322; Swensen v. So. Pac. Co. (Or.) 174 Pac. 158; Strickland v. Geide, 31 Or. 373, 49 Pac. 982; Road Co. v. Allen, 16 Barb. (N.Y.) 15; Roche v. Mayor, etc., 40 N. J. Law, 257; Swann v. Buck, 40 Miss. 268; Daviess v. Fairbairn, 3 How. 636, 11 L. Ed. 760; Murdoch v. City of Memphis, 20 Wall. 592, 22 L. Ed. 429.

In the case of Roche v. Mayor, etc., supra, the court said:

"The rule does not rest strictly upon the ground of repeal by implication, but upon the principle that, when the legislature makes a revision of a particular statute, and frames a new statute upon the subject-matter, and

from the framework of the act it is apparent that the legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory. Sacramento v. Bird, 15 Cal. 294; State v. Conkling, 19 Cal. 501."

Manifestly it was the intention of the legislature by the act of 1915 to prescribe the only regulations to be observed in the preparation of a record for review in the appellate court. When a statute is revised, or one act framed from another, some part being omitted, the parts omitted are not revived by construction, but are to be considered as annulled. Eureka Bank Cases, 35 Nev. 85, 126 Pac. 655, 129 Pac. 308; State v. Wilson, 43 N. H. 419, 82 Am. Dec. 163; Farr v. Brackett, 30 Vt. 344; Pingree v. Snell, 42 Me. 53.

Tested by the above standards of construction, section 401 is repealed by the statute of 1915.

6. What, then, is the effect of the statute of 1915 upon section 386? It is a general and well-established rule of construction that one statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. If the objects of both statutes are not the same, the two statutes will be permitted to stand, although they may refer to the same subject. United States v. Claflin, 97 U. S. 546, 24 L. Ed. 1082; McMillan v. Payne Co., 14 Okl. 659, 79 Pac. 898; Swensen v. So. Pac. Co., supra. Undoubtedly section 386 and the statute of 1915 relate to the same subject, in so far as both are designed to correct errors on appeal, but it is clear that the object of section 386 was to provide when a motion for a new trial must be made before appeal is taken, and when not necessary. The statute of 1915 relates to bills of exception. Since the object of section 386 relates solely to new trials, and the statute of 1915

to bills of exception, we conclude that they may stand together without either conflicting with the other. When exceptions are taken as required by the act, and they fall within the cases pointed out by section 386, it becomes a simple matter to move for a new trial before taking an appeal from the judgment. This interpretation is the only one consistent with the context and spirit of both enactments, and the only one that harmonizes and makes consistent the several provisions of the practice act.

7. It is insisted by counsel for appellant that the decisions of the Supreme Court of California construing the California act of 1915 (page 209) may well be followed in the construction of our statute of 1915 with reference to the discontinuance of the practice of first moving for a new trial on an appeal from a judgment. We learn from the decisions cited that in California there is no longer an appeal from an order denying a motion for a new trial. Allen Co. v. Wood, 32 Cal. App. 76, 162 Pac. 121; Nathan v. Porter (Cal. App.) 172 Pac. 170. Unlike our statute, a motion for a new trial and an appeal therefrom is clearly recognized.

8. This court has repeatedly held that, where the method of appeal is prescribed by the statute, it must be followed. Coffin v. Coffin, 40 Nev. 347, 163 Pac. 731; Gardner v. Pac. Power Co., 40 Nev. 344, 163 Pac. 731; Ward v. Silver Peak, 39 Nev. 89, 148 Pac. 345, 153 Pac. 434, 154 Pac. 74. Exceptional cases may, and doubtless often do, arise wherein it would be an idle and useless ceremony, so far as the trial court is concerned, to move for a new trial; but this assumption does not justify a departure from the statutory method of taking appeals. Burbank v. Rivers, 20 Nev. 87, 16 Pac. 430.

9. It is useless to repeat what has so often been said by this court, that it is as unsatisfactory to the court as it is to counsel (and litigants) to have cases disposed of upon mere questions of practice, but, as the point involved arises upon the construction of a recent statute

designed for the working over of earlier acts, and is one of such general importance, we are impelled to lay down a rule for guidance in future cases.

Entertaining the views as herein expressed, we are of the opinion that, where an appeal is based upon alleged errors, as pointed out in section 5323, Revised Laws, a motion for a new trial must be made and determined before the appeal is taken. As this was not done in this case, nothing remains for us to do but to sustain the motion to dismiss the appeal.

The motion is sustained.

### ON REHEARING

By the Court, SANDERS, J.:

We granted a rehearing in this cause for the purpose of giving further consideration to the point raised in opposition to the conclusion reached.

Appellant insists that as the appeal was taken upon the judgment roll alone, and the errors sought to be reviewed being made a part of the record on appeal from the judgment, as required by section 11 of Statutes of 1915, p. 164, it became and was the duty of the court to review all errors that appear on the face of the judgment roll. Upon further consideration, we are entirely satisfied that the opinion furnishes a full and complete answer to this proposition. By adhering to the express mandate of the statute (Rev. Laws, 5328), we complied with the law. Certainly no more substantial reason could be given for our action. Williams v. Rice, 13 Nev. 235. The appeal was taken upon the judgment roll alone. The court, therefore, certainly acquired jurisdiction of the appeal. It probably would have been more regular to have affirmed the judgment than to have dismissed the appeal; but, in the view we take of the judgment roll, the order of dismissal amounts to an affirmance of the judgment.

The only errors appearing on the face of the judgment roll, other than those enumerated in section 5328,

Revised Laws, are directed to the court's sustaining the challenge of the defendant to certain prospective jurors, Hotchkiss and Perow, upon the ground of implied bias. After reading the exhaustive voir dire examination of these gentlemen, we are in no position to say that the court erred in permitting them to remain in the jury box.

The judgment must be affirmed.

It is so ordered.