[No. 2409]

## WILLIAM J. SMITH, RESPONDENT, *v.* JOHN LUCAS, ALIAS T. E. INGHAM, ALIAS ROY CHURCHILL; JOHN D. HILLHOUSE AND M. B. MOORE, APPELLANTS.

[186 Pac. 674]

1. APPEAL AND ERROR—BILL OF EXCEPTIONS ALLOWED AFTER ASSEMBLING OF JUDGMENT ROLL NOT PART OF IT DISPENSING WITH ASSIGNMENT.

    A bill of exceptions, settled and allowed after entry of judgment and denial of new trial, is not part of the judgment roll, so as to obviate necessity of assignments of error, though appeal is from the judgment only: Civ. Prac. Act, sec. 331, subd. 2, making part of such roll all bills of exceptions "taken and fixed," relating to the time for assembling the roll.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR OF INSUFFICIENCY OF EVIDENCE NECESSARY.

    Assignment of error is required by Stats. 1915, c. 142, sec. 13, as amended by Stats. 1919, c. 40, sec. 2, though the only objection is insufficiency of the evidence to justify the verdict or decision.

3. APPEAL AND ERROR—SEASONABLE SERVICE AND FILING OF ASSIGNMENT OF ERRORS JURISDICTIONAL, AND NOT WAIVABLE.

    Seasonable service and filing of assignment of errors, as required by Stats. 1915, c. 142, sec. 13, as amended by Stats. 1919, c. 40, sec. 2, is jurisdictional, and absence thereof may not be waived.

APPEAL from Second Judicial District Court, Washoe County; *James A. Callahan,* Judge.

Action by William J. Smith against John Lucas and others. From an adverse judgment, M. B. Moore, intervening defendant, appeals. **Assignment of errors stricken, and judgment affirmed.**

*Ayres & Gardner,* for Appellant:

The present case, not involving "error in law occurring at the trial," does not require any assignment of error. There is no "error" within the statutory limitation of that word. The motion should, therefore, be denied, and the appeal determined upon the merits. Coffin v. Coffin, 40 Nev. 345; Gardner v. Pacific Power Co., 40 Nev. 343; Talbot v. Mack, 41 Nev. 245.

This appeal is from the judgment only. A motion for a new trial was made and denied, but no appeal was

taken from the order denying the motion for a new trial. The motion was made upon the insufficiency of the evidence to justify the decision and that it is against law. The evidence was preserved in the bill of exceptions and is presented to the court upon the appeal from the judgment. Therefore the appeal is upon the judgment roll only. Rev. Laws, 5273. The act of 1915 did not inferentially repeal any portions of the practice act. Gill v. Goldfield Con. M. Co., 43 Nev. 1.

There is no reason why the assignment of errors filed in the supreme court should be any more comprehensive than that presented to the trial judge. Rev. Laws, 5322. The requirement that a motion for a new trial based upon the insufficiency of the evidence must be made before an appeal can be taken on such grounds, shows that the trial judge must be given an opportunity to correct any alleged error. Rev. Laws, 5328.

The motion to dismiss has been waived by the respondent. Miller v. Walser, 42 Nev. 497.

Whether the assignment of errors is jurisdictional or not is immaterial under the present discussion, for the court will entertain an appeal on the merits where the acts of the parties justify it, even though there may be a question of jurisdiction. Dixon v. Pruett, 42 Nev. 345.

*Norcross, Thatcher & Woodburn* and *M. A. Diskin,* for Respondent:

The assignment of errors must be filed in the supreme court ten days after the transcript on appeal has been filed. In this case it was not filed until after the time allowed by law had expired. Stats. 1913, p. 166; Stats. 1919, p. 55. "If the party fails to file such assignment within the time limited, no error shall be considered by the supreme court." An appeal will be dismissed if the assignment of errors has not been filed within the time allowed by law. Not only should the assignment of errors be stricken, but inasmuch as no complaint is made of any error that might be ascertained from an examination of the judgment roll, the appeal should be

dismissed, for there is no error for the court to consider, and the judgment of the lower court should be affirmed. Coffin v. Coffin, 40 Nev. 345; Gardner v. Pacific Power Co., 40 Nev. 343.

By the Court, DUCKER, J.:

This is an action in replevin. A motion for a new trial was denied in the lower court, but the appeal is taken from the judgment alone by M. B. Moore, who was an intervening defendant.

The record on appeal was filed with the clerk of this court on the 6th day of August, 1919, and thereafter, on the 24th day of August, 1919, appellant filed his assignment of errors with said clerk. On the 13th day of September, 1919, respondent filed a motion for an order striking the assignment of errors, dismissing the appeal, and affirming the judgment. The ground of the motion, as set forth in the notice thereof, is that no assignment of errors was served on respondent, or filed with the clerk of the supreme court, within ten days after the transcript of the record on appeal was filed in this court, as required by law. In this respect section 2 of an act to amend sections 10 and 13 of an act entitled "An act supplemental to and to amend an act entitled 'An act to regulate proceedings in civil cases in this state and to repeal all other acts in relation thereto,' approved March 17, 1911," approved March 16, 1915, approved March 10, 1919, provides:

"Within ten (10) days after the transcript of the record on appeal has been filed in the supreme court, the party or parties appealing shall serve upon the adverse parties and file with the clerk of the supreme court an assignment of errors, which assignment shall designate generally each separate error, specifying the lines or folios, and the pages of the record wherein the same may be found. Any error not assigned shall not be considered by the supreme court. If the party fails to file such assignment within the time limited, no error shall be considered by the supreme court. The assignment of

errors herein provided for shall be typewritten or printed, paged, and the lines or folios numbered, and the appellant shall furnish three copies thereof for filing in the supreme court." Stats. 1919, p. 55.

1. Counsel for appellant concede that the assignment of errors was not served or filed within the time required by said section 2, but they take the position that no assignment of errors is necessary in this case. This contention is based upon the assumption (1) that the bill of exceptions is a part of the judgment roll, and that under the rulings of this court in Talbot v. Mack, 41 Nev. 245, 169 Pac. 25, and Miller v. Walser, 42 Nev. 497, 181 Pac. 437, no errors need be assigned which appear upon the face of the judgment roll; (2) that, as the only errors assigned are insufficiency of evidence to justify the decision, and that the decision is against law, section 13 of the act of 1915 is not applicable, for the reason that the only errors in law occurring at the trial and excepted to by the party making the application are contemplated by this section.

We cannot acquiesce in either of these contentions and think that they were decided adversely to appellant's view in the case of Coffin v. Coffin, 40 Nev. 345, 163 Pac. 731, in which the appeal was dismissed for failure to serve and file an assignment of errors, within the time allowed by section 13 of the act of 1915. The only substantial change in the section as amended by the act of 1919 is that, in the latter act the time in which an assignment of errors must be served and filed begins to run after the transcript of the record on appeal has been filed in the supreme court, instead of from the time the appeal has been taken from the order or judgment, and ten days is allowed, instead of twenty as in the former act.

In so far as the question on motion to dismiss is concerned, there is no distinction in principle between the case of Coffin v. Coffin and the case at bar. Both were tried on the merits in the district court, and in each a motion for a new trial was made and denied. The only difference is that in the former case the appeal

was taken from the judgment and order of the court denying the motion for a new trial, while in the case under consideration the appeal is from the judgment alone. This difference can have no bearing on the question before us. In each case the bill of exceptions was prepared, served, filed, and settled and annexed to a copy of the judgment roll, after a motion for a new trial was denied. As previously stated, the assignment of errors, in the instant case, is based on the grounds that the evidence is insufficient to justify the decision and that it is against law. A like assignment of errors was filed in the Coffin case, with the additional assignment that the complaint did not state facts sufficient to constitute a cause of action. We see no room for distinction between the two cases; but as the points made in this case were not raised or discussed in Coffin v. Coffin, and as they have been ably presented and argued by counsel for appellant, we deem them worthy of careful consideration, especially in view of this court's attitude against deciding a case otherwise than on its merits.

The cases of Talbot v. Mack and Miller v. Walser, supra, are easily disinguishable from the case at bar. In each of those cases the appeal was from an order sustaining a demurrer to the complaint and judgment thereon, while in the instant case the appeal was taken after a trial on the merits in the district court. In both of the former cases it was held that, where the appeal is upon the judgment roll alone, the errors appearing upon the face of the judgment roll need not be presented by an assignment of errors. It was not held or intimated in either of these cases that a bill of exceptions, as contemplated by the act of 1915, necessarily becomes a part of the judgment roll, obviating the requirement of an assignment of errors. Such a ruling would render section 13 of the act requiring an assignment of errors of no force and effect in any case, manifestly against the plainly expressed mandate of the statute. True, in Talbot v. Mack this court recognized that the bill of exceptions taken to the order sustaining the demurrer,

and allowed by the trial judge, and filed on the date of the entry of judgment, was a part of the judgment roll. Such a bill of exceptions is made a part of the judgment roll by virtue of subdivision 2 of section 331 of the civil practice act, which prescribes what shall constitute the judgment roll, in cases where the complaint is answered by any defendant. This part of the section reads:

"In all other cases, the pleadings, a copy of the verdict of the jury, or finding of the court or referee, all bills of exceptions, taken and filed. * * * "

Counsel insist that the bill of exceptions in this case, and in all cases when properly taken and allowed, becomes a part of the judgment roll by force of the foregoing section, requiring the clerk to include "all bills of exceptions taken and filed" in the roll. We cannot concede this interpretation. This section prescribes a definite time when the clerk shall make up and file the judgment roll, and designates the papers to be then included therein. It reads:

"Immediately after the entry of judgment, the clerk must attach together and file the following papers, which constitute the judgment roll."

Then follows a designation of the papers. A bill of exceptions, or more than one, may or may not have been taken and filed at or prior to the time this act of assembling the judgment roll is required to be done. If so taken and filed, all are required to be included therein. A bill of exceptions which may thereafter be settled and allowed in accordance with the act of 1915 becomes no part of the judgment roll, but must be annexed to a copy thereof, if the appeal be from a judgment, as provided in section 11 of said act. It appears from the record in this case that the bill of exceptions was settled and allowed long after the entry of judgment, and after a motion for a new trial had been denied. Though properly a part of the record on appeal, it is no part of the judgment roll.

2. We come, now, to the other phase of the contention;

that is, that no assignment of errors is necessary, because the provision requiring it is inapplicable to this case, for the reason that only errors at law occurring at the trial, and to which exceptions have been taken, are intended. To ascertain the intention it is necessary to consider the language used, "assignment of errors," in connection with its function and purpose. The office of an assignment of errors is to apprise the appellate court and the adverse party of the errors relied upon for a reversal of the case. It accomplishes a twofold object: It serves the convenience of the appellate court, and affords protection to the adverse party. The duty of searching the record for error does not devolve upon the appellate court, but is placed upon the party complaining to point it out by an assignment of errors, and by a bill of exceptions to furnish the evidence to prove it. The requirement of an assignment of errors and its service upon the opposite party enables him to be prepared to meet the questions raised on appeal, and to be secure from the risk of unpreparedness for new or unexpected points raised at the hearing. As said by the court in Orr v. Pennington, 93 Va. 268, 24 S. E. 928:

"The petition required [petition for an appeal containing assignment of errors] is in the nature of a pleading, and should state the case which the party applying for the appeal wishes to make in the appellate court. It ought to assign clearly and distinctly all the errors relied on for a reversal of the case, so that the opposite party may know what questions are to be raised in the appellate court, and not have new questions sprung upon him at or just before the hearing of the cause, when there may not be sufficient time or opportunity for meeting them."

It is urged that the purpose of the statute is accomplished by rule 11 of the supreme court rules, requiring the filings of points, and with authorities, which shall contain such brief statement of the facts as may be necessary to explain the points made. Even if we were

to concede this, the facts remains that the legislature has enacted the proposition into concrete law and has made its provisions mandatory. If we keep the purpose of the statute in mind, there appears no reason why an error in rendering a verdict or decision on insufficient evidence, which on appeal requires a consideration of all the evidence and testimony, should not be assigned, as well as other errors at law, which often involve a consideration only of a small portion of the evidence. The one is just as essential for the information of the court and the opposite party as the other.

If we correctly understand the position of counsel, they assert that in the civil practice act, prior to the amendatory and supplemental act of 1915, errors at law occurring at the trial have been so defined as cause for a new trial, and that all other causes for a new trial have been classified as grounds. From this, and other premises which we will hereafter mention, they deduce the conclusion that, in the enactment providing for an assignment of errors, the term is employed in the same sense and embraces such errors to the exclusion of all causes for a new trial that fall into a different category. Without conceding the assertion that the civil practice act does not allude to errors at law occurring at the trial as a ground for a new trial, we think that, even if it does not, the assumption that the legislature by the act of 1915 therefore intended only those errors to be embraced in an assignment of errors is too shadowy to be indulged as a legitimate inference. It ignores the office and purpose of an assignment of errors, to point out for the benefit of the court and opposite party the errors relied upon for a reversal.

Counsel concede, or must concede, that a verdict or decision based on insufficient evidence is an error, notwithstanding the practice act in relation to new trials designates it a cause, and also as a ground for a new trial. No reason appears why it should not be assigned, as well as any other error upon which a party relies. In

the absence of a satisfactory reason for giving to the term "assignment of errors," as employed in the statute, the special and limited meaning contended for, we presume that the legislature used it in its well-understood meaning in law.

A review of the practice acts of this state, and amendments, reveals that insufficiency of the evidence to support the verdict has long been required in an assignment of errors. In the old practice act, adopted in 1869 (Stats. 1869, c. 112, sec. 197), the particulars wherein it was thus deficient were required to be specified. By the amendment to this act in 1893 (Stats. 1893, c. 89) it was provided that it was sufficient assignment of error in that respect to specify that the verdict or decision is not supported by the evidence, or is contrary to the evidence. In sections 389 and 390 of the present civil practice act, relating to a statement on appeal, specification of error on this ground was necessary. These sections of the practice act have been repealed by the act of 1915, which was designed, as said by this court in Gill v. Goldfield Consolidated Mines Co., 43 Nev. 1, 176 Pac. 784, "to be and to operate as a complete revision of the practice then in vogue respecting statements on appeal, and to substitute therefor in toto a system of bills of exception."

Assignments of error as to insufficiency of the evidence having been constantly embodied in the practice acts, the old and the new, from 1869 forward, it is not unreasonable to assume that, if it were intended by section 13 of the act of 1915 to make a radical change by omitting the requirement from the practice, such intention would have been clearly expressed. It is argued that the intention to embrace only errors at law occurring at the trial is also inferable from that part of the language of said section 13, as amended by the act of 1919, which provides that the "assignment shall designate generally each separate error, specifying the lines or folios, and the pages of the record wherein the same may be found"; that this cannot be complied with

when the objection is that the evidence is insufficient to justify the verdict or decision, as the absence of evidence cannot be indicted by line or page. We do not regard this language as having an important bearing upon the question. It was evidently designed to require a specification of error to be made with as much definiteness as the nature of the matter would admit. This provision can be complied with literally as to a number of errors that might be sufficient to warrant a reversal of a case, which in our judgment must be assigned, other than errors at law occurring at the trial and insufficiency of evidence. If it cannot be complied with literally in the latter instance, a substantial compliance would be sufficient.

3. The next two points made by counsel for appellant are that an assignment of errors is not jurisdictional, and in this case has been waived by counsel for respondent. They may be considered together, and in this regard we reiterate what was said by this court in Coffin v. Coffin, supra:

"The statute is express and peremptory in its terms; it is not a mere matter of form that can be waived or dispensed with by the agreement of the parties or lenity of the court, but it is one of substance."

The contention that an assignment of errors was waived is based on the fact that counsel for appellant requested and procured from the attorneys for respondent an extension of time to file their reply brief. They cite the case of Miller v. Walser, supra, as an authority for this proposition. There one of the grounds of the motion to dismiss was the failure to file a transcript of the record on appeal within the time required by rule 2 of this court. The attorneys for respondent, after the transcript on appeal was filed, obtained two stipulations from counsel for appellant extending time to serve and file points and authorities, reserving therein no objections as to the time when the transcript on appeal was filed. No timely motion to dismiss the appeal was made on the ground stated. We held that these facts were

sufficient to operate as a waiver of the objection that the transcript was not filed in time. The facts are entirely different in that case, and it is therefore not in point.

Counsel for respondent in the case at bar insist that, when an assignment of errors designates as error insufficiency of the evidence to justify the verdict or decision, it must specify wherein the evidence is insufficient. This question is not before us. No assignment of errors was filed within the time specified by statute, and the question is as to whether such an assignment is necessary, when the error complained of is based on the ground of insufficiency of the evidence to justify the decision, or that it is against law, and not as to the sufficiency of the assignment. It follows, from our conclusions, that we have no alternative but to grant the motion.

It is therefore ordered that the assignment of errors filed herein be stricken from the files, and the judgment appealed from be affirmed.