[No. 2380]

# IN THE MATTER OF THE DETERMINATION OF THE RELATIVE RIGHTS TO THE WATERS OF BARBER CREEK AND ITS TRIBUTARIES IN DOUGLAS COUNTY, NEVADA.

## EUGENE SCOSSA, APPELLANT, *v.* CLARISSA CHURCH AND BARBER ESTATE, RESPONDENTS.

[182 Pac. 925]

1. WATERS AND WATERCOURSES — DETERMINATION OF RIGHTS — ORDERS APPEALABLE.

    An order of determination of the state engineer in a proceeding to determine the relative rights of persons to water is not appealable, the only appeal allowable, under Stats. 1915, c. 253, sec. 6, in such a case being from the decree of the court affirming or modifying such order.

2. WATERS AND WATERCOURSES—DETERMINATION OF RIGHTS—DISMISSAL OF APPEAL.

    Assuming that the rules prescribed by civil practice act, as amended by Stats. 1915, c. 142, apply to the hearing of an issue raised by a notice of exceptions to an order of determination of the state engineer duly filed with the clerk under Stats. 1915, c. 253, sec. 6, in a proceeding to determine relative rights to water, it does not follow that the failure to preserve errors by a bill of exceptions must result in the dismissal of an appeal from a decree affirming the order of determination of the engineer, although such failure might result in an affirmance of the decree.

3. APPEAL AND ERROR—NOTICE OF UNDERTAKING—DISMISSAL OF APPEAL.

    Since Rev. Laws, 5330, does not require that an undertaking on appeal be served on the adverse party, the supreme court is not authorized to dismiss an appeal for want of service.

4. APPEAL AND ERROR—LACK OF MOTION FOR NEW TRIAL—GROUNDS FOR DISMISSAL OF APPEAL.

    Since the supreme court, on appeal from a decree, can look to the judgment roll to ascertain whether any error appears, an appeal will not be dismissed because it appears from the record that it is based on the ground that the evidence is insufficient to justify the decision of the court, and that no motion for a new trial was made and determined before the appeal was taken, under Rev. Laws, 5328.

IN the Matter of the Determination of the Relative Rights to the Waters of Barber Creek and its Tributaries in Douglas County. From a decision of the First Judicial District Court, Frank P. Langan, Judge, Eugene

Scossa appealed. Clarissa Church and the Barber Estate move to dismiss the appeal. **Motion denied.**

*Chartz & Chartz,* for Appellant:

The motion to dismiss the appeal should be denied. All proceedings from date of judgment have been taken in the same manner and with the same effect as in civil cases. A notice of appeal has been filed and served, likewise an undertaking on appeal, and the entire record certified to this court. There was no trial before the district court, and therefore no motion for a new trial could be made. All the court could do was to enter a decree affirming or modifying the order of determination made by the state engineer. Stats. 1915, p. 381, sec. 36. The water law provides for summary proceedings and that appeals may be taken from the judgment of the district court in the same manner and with the same effect as in other civil cases. Stats. 1915, p. 384, sec. 75.

*Platt & Sanford,* for Respondents:

The appeal from the order of determination entered by the state engineer should be dismissed: (1) because it is not a final order and judgment in the case, and (2) because it is an order and judgment not appealable to this court, and this court has no jurisdiction on said appeal. The entire appeal should be dismissed because (1) no bill of exceptions was either agreed upon or settled in the lower court or filed, (2) there was no service of an undertaking, and (3) because this court has no jurisdiction over said appeal. The order of determination made by the state engineer does not purport to be a judicial decree. Stats. 1915, p. 381.

Appeals must be taken in accordance with the method prescribed by statute. This rule is universally followed. Gill v. Goldfield Con. M. Co. 43 Nev. 1; Coffin v. Coffin, 40 Nev. 347; Gardner v. Pacific P. Co., 40 Nev. 344; Ward. v. Silver Peak, 39 Nev. 89.

By the Court, SANDERS, J.:

This is a motion to dismiss an appeal. The notice of appeal is as follows:

"To Contestees, Clarissa Church, acting for herself and as guardian for Benjamin Barber, and George C. Russell, executor of the estate of Lyman Barber, deceased, and to George Springmeyer, their attorney:

"Please take notice that contesant, Eugene Scossa, in the above-entitled proceeding hereby appeals to the Supreme Court of the State of Nevada from the order of determination, and from the supplemental order of determination of the State Engineer in the above-entitled proceeding, filed and returned in the above-entitled court, and from the whole thereof, and also appeals from the decree of the above-entitled court, confirming, approving, and affirming said relative determination, and as amended and modified by the supplemental order of determination as made and entered by the State Engineer of the State of Nevada and filed in the above-entitled court, made and entered January 30, 1919, and from the whole thereof, said decree being in favor of defendants, and against said plaintiff, contestant.

"Dated March 12, 1919."

The respondents move to dismiss the appeal on several grounds, and for convenience we shall dispose of them in their order.

1. First—The order of determination of the state engineer is not an appealable order. This is correct. The only appeal allowed by law in such a case as this is an appeal from the decree of the court affirming or modifying the order of the state engineer. Section 6 (section 36), Stats. 1915, p. 381. An appeal direct to this court from the order of the state engineer is irregular and of no effect.

2. Second—"That no bills of exception were either agreed upon or settled in the lower court, and in the time allowed by law, practice, and procedure, and no bill of

exception was filed herein." It is obvious from the notice of appeal that this is also an appeal from a decree entered on the 30th of January, 1919, affirming an order of determination of the state engineer. Conceding, but not deciding, that the rules prescribed by the civil practice act, as amended by Statutes of 1915, p. 164, applies to the hearing of an issue raised by the notice of exceptions to the order of determination of the state engineer, duly filed with the clerk of the court (section 6 [sec. 36], Stats. 1915, pp. 378, 381), it does not follow that the failure to preserve errors by a bill of exceptions must result in the dismissal of an appeal. The appeal being from the decree, such failure might result in the affirmance of the decree, but not necessarily in the dismissal of the appeal taken from the decree.

3. Third—"That there was no notice of an undertaking herein." To make an appeal effectual an undertaking must be filed within five days after service of the notice of appeal. Rev. Laws, 5330. In the absence of a requirement that such undertaking be served upon the adverse party we are not authorized to dismiss an appeal upon this ground.

4. Fourth—That this court has no jurisdiction of the appeal, in that it appears from the record that the appeal is based upon the ground that the evidence is insufficient to justify the decision of the court, and, it appearing that no motion for a new trial was made and determined before the appeal was taken, the appeal must be dismissed. Rev. Laws, 5328.

Gill v. Goldfield Consolidated Mines Co., 43 Nev. 1, 176 Pac. 784, is cited as an authority in support of this position. It is proper to state in this connection that that case is now pending upon an order granting a rehearing therein.

This case being an appeal from a decree, we can look to the judgment roll to ascertain whether any error appears. This being true, the appeal should not be dismissed.

The motion to dismiss the appeal is denied.