[No. 2437]

## R. S. PAGE AND MARIE OLIVE PAGE, RESPONDENTS, *v.* MARK WALSER AND FRANK MARGRAVE, APPELLANTS.

[187 Pac. 509]

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR NOT NECESSARY WHERE APPEAL IS ON JUDGMENT ROLL.

Notwithstanding Stats. 1919, p. 55, requiring the appellant to file the assignments of error within ten days after transcript on appeal shall have been filed, an appeal from an order denying motion to change place of trial will not be dismissed because of appellant's failure to file assignments of error where, though the appeal was not on what is technically known as the judgment roll, it was substantially the same, the record consisting of the amended complaint, motion for change of venue, affidavit in support thereof, etc.

2. APPEAL AND ERROR—ON APPEAL ON DENIAL OF CHANGE OF VENUE BRIEF MUST BE FILED AS REQUIRED BY COURT RULE 23.

Where on appeal from an order denying change of venue, respondent invoked court rule 23, and filed the notice provided, rule 11, providing that the appellant shall within fifteen days after filing the transcript serve and file his brief, was superseded, and the appellant must file his brief within the time fixed by rule 23.

3. VENUE—REAL PROPERTY NOT INVOLVED IN SUIT PERTAINING TO MINING STOCK—"PERSONAL PROPERTY."

Venue of action pertaining to shares of stock of a mining corporation cannot under Civ. Prac. Act, sec. 69, be changed to the county in which the mines owned by the corporation were situated, on the ground that real property was involved, since shares of corporate stock are personal property.

4. VENUE—TIME FOR DEMANDING CHANGE BEGINS FROM DATE OF SERVICE OF SUMMONS.

The time for demanding change of venue begins to run from the date of service of summons.

5. COSTS—NO PRESUMPTION THAT MOTION FOR CHANGE OF VENUE WAS MADE WITH INTENT TO DELAY, THOUGH IT WAS NOT WELL TAKEN.

The appellate court cannot indulge presumption that defendants did not have confidence in their application for change of venue, and so impose a penalty on defendants whose appeal from the denial of motion was affirmed on ground that appeal was for delay.

APPEAL from Second Judicial District Court, Washoe County; *James A. Callahan,* Judge.

Action by R. S. Page and another against Mark Walser and another. From an order denying motion

for change of place of trial, defendants appeal. **Order affirmed.**

*Cheney, Downer, Price & Hawkins,* for Appellants:

This court cannot hear any motion in pursuance of respondents' "Notice of motion to hear appeal" until appellants have, within the time prescribed by statute (Stats. 1915, p. 164; Stats. 1919, p. 55), filed their assignments of errors, which may be filed at any time within ten days after the transcript of the record on appeal shall have been filed in the supreme court, and until after the expiration of the time prescribed by rule 11 of said court, within which appellants may file and serve their points and authorities or brief, which time by said rule 11 is fifteen days after the filing of the transcript on appeal.

*Sardis Summerfield* and *Hoyt, Norcross, Thatcher, Woodburn & Henley,* for Respondents:

It affirmatively appears from the amended complaint and the answer thereto that the action is not "for the recovery of real property, or an estate, or interest therein, or for the determination in any form of such right or interest," or "for injuries to real property," or "for the partition of real property," or "for the foreclosure of any lien or mortgage upon real property." The appellants were and are precluded by stipulation from moving the court to change the place of trial.

Respondents sue to recover the mining stocks accruing from the sale or exchange of stocks alleged to belong to them, or for the value if recovery cannot be had, and for damages sustained by them by reason of appellants' conversion and transmutation of respondents' mining stocks. Ownership of shares in the capital stock of private corporations does not make the shareholders owners of any interest in the property of the corporation. Fletcher's Cyc. Corp., vol. 5, p. 5594; Gibbons v. Mahon, 136 U. S. 549; Commercial Co. v. Board, 169 Ala. 169; Hook v. Hoffman, 147 Pac. 722; Cummings v.

People, 211 Ill. 392; Morrow v. Gould, 145 Iowa, 1; Field v. Pierce, 102 Mass. 253; Plimpton v. Bigelow, 93 N. Y. 592; Jones v. Davis, 35 Ohio St. 474; Gamble v. Dawson, 67 Wash. 72; Button v. Hoffman, 61 Wis. 20; Stats. 1913, p. 42.

"The tangible property of a corporation and the shares of stock therein are separate and distinct kinds of property and belong to different owners, the first being the property of the artificial person (the corporation) and the latter the property of the individual owner." Greenleaf v. Board, 184 Ill. 226; Hawley v. Malden, 252 U. S. 1; West v. Empire Co., 242 Fed. 605; Canfield v. Los Angeles Co., 157 Cal. 617; Bellows Co. v. Comm., 222 Mass. 51; Bradley v. Bender, 36 Ohio St. 28.

Application for a change of venue should have been made before the time for answering had expired. Rev. Laws, 5015. The stipulation did not extend appellants' time to move for a change of venue. They precluded themselves by stipulation from moving for a change of venue at the time they filed their motion. They could not by stipulation extending the time provided by statute acquire the right to move for a change of the place of trial after the time fixed by statute for so doing had expired. Connolly v. Salisberry, 43 Nev. 182.

This appeal is plainly taken for the purposes of delay only, and is clearly frivolous. This court has not hesitated to impose penalties upon appellants in change of venue cases for taking frivolous appeals for the apparent purposes of delay only, or has stated its intention so to do. Table Mt. Co. v. Waller's D. Co., 4 Nev. 218; Kercheval v. Kennedy, 4 Nev. 294; Lehane v. Keyes, 2 Nev. 361; Wheeler v. Floral Co., 10 Nev. 200; Paroni v. Simonsen, 34 Nev. 26. The delay caused by appeals from orders granting or denying change of venue is not favored. Rule 23, Sup. Ct. Appellants should be penalized in an amount commensurate with the value of the subject-matter of the suit and its fluctuating nature for taking a frivolous appeal for the purpose of delay only. Rev. Laws, 5359.

By the Court, COLEMAN, C. J.:

This is an appeal from an order denying a motion for a change of the place of trial of the above-entitled action from the county of Washoe to the county of Pershing. The motion was based upon the ground that it appears from the face of the amended complaint that the subject of the action, or some part thereof, is situated in Pershing County, and that no part thereof is situated in Washoe County.

1. Preliminary to disposing of the appeal upon the merits, it becomes necessary to determine whether or not the court has the authority to consider such appeal upon its merits at this time. The transcript on appeal was filed in the office of the clerk of this court on February 4, 1920. On February 7 counsel for respondents served upon counsel for appellants a notice to the effect that on February 13, 1920, they would move the court to proceed to hear the appeal taken from the order denying the motion for a change of place of trial. On the date last mentioned counsel for appellants did not appear, but a letter was presented, wherein they objected to the court's considering the matter, upon the grounds that the time for the filing of the assignment of errors and of an opening brief had not expired. Counsel for respondents appeared and argued the matter. The Statutes of 1919, p. 55, provide that the appealing party shall, within ten days after the transcript on appeal shall have been filed, file his assignment of errors; and rule 11 of this court provides that the appellant shall, within fifteen days after the filing of the transcript on appeal, serve and file his brief. The statute fixing the time for the filing of the assignment of errors does not apply in this case. While in Coffin v. Coffin, 40 Nev. 345, 163 Pac. 731, we took the position that an assignment of errors was indispensable, in the case of Talbot v. Mack, 41 Nev. 245, 169 Pac. 25, we held that, the appeal being from the judgment roll, an assignment of errors was not necessary, and refused to dismiss the appeal; which ruling was adhered to in Miller v.

Walser, 42 Nev. 497, 181 Pac. 437, and Smith v. Lucas et al., 43 Nev. 348, 186 Pac. 674.

Though the appeal in this case is not on what is technically known as the judgment roll, it is substantially the same. The record consists of the amended complaint, demand for change of venue, affidavit in support of the motion, written stipulation, and the order appealed from. The reasoning in the Talbot-Mack case applies with equal force to the matter now before us.

2. The objection based upon rule 11, relative to the time allowed for the filing of the opening brief by appellant, is not well taken. Rule 23 of this court provides that appeals from orders denying or granting a change of venue will be heard upon three days' notice when the parties live within twenty miles from Carson City, and when the party served resides more than twenty miles from Carson City one additional day's notice will be required. Ample notice was given of this hearing. Rule 23, when invoked, supersedes rule 11. The latter rule was made to govern in ordinary appeals, but rule 23 is a special rule, applying to the situation here presented, and controls, and was made to expedite hearings in this court upon appeals from an order granting or denying a motion for a change of venue, and other interlocutory orders.

3. We come now to the merits of this appeal. Section 69 of our civil practice act (Rev. Laws, 5011), which is made the basis of the motion for a change of venue, provides that actions for the recovery of real property shall be tried in the county in which it is situated. The affidavit which is the basis of the motion for a change of venue reads:

" * * * That all of the mining claims and property situated thereon, referred to in the amended complaint, * * * is situated in the county of Pershing. * * * "

A perusal of the amended complaint discloses the fact that the action is not to recover real estate, nor any interest in real estate, but pertains solely to shares of stock in certain corporations owning mining claims

situated in Pershing County, Nevada. It is now almost universally held that shares of stock in a corporation are personal property (10 Cyc. 366; 4 Thomp. Corp. [2d ed.] sec. 3465), and by statute in this state are expressly made so. Stats. 1913, p. 42. There was no foundation whatever for the motion for a change of venue in this case, and the order appealed from was properly entered.

4. It is also contended by respondents that at the time the application for a change of venue was made the time for the filing thereof had expired, and to sustain this contention reliance is had upon the case of Connolly v. Salisberry, 43 Nev. 182, 183 Pac. 391. While it is very probable that the contention is well founded, we are unable to decide the question, for the reason that we are not advised as to when the summons was served in the case, or whether any was served at all. The time within which a party must make a demand for a change of venue begins to run from the date of the service of summons, as pointed out in the Connolly-Salisberry case. We do not means to hold that where a defendant waives the service of summons, and stipulates as to the time in which he shall appear and plead, the time so agreed upon might not control; but such is not the situation here.

5. It is contended that the appeal was taken for the purpose of delay, and that appellants should be penalized. Paroni v. Simonsen, 34 Nev. 26, 115 Pac. 415. We are unable to say that the appeal was so taken, unless we are justified in saying that the original motion for a change of venue was for delay. While we are of the opinion that the affidavit for a change of venue is utterly without merit, we do not feel justified in indulging the presumption that counsel and defendants did not have confidence in their application therefor.

For the reasons given, the order appealed from is affirmed, respondents to recover their costs.