No. 2552

# YOUNG *v.* HOLMAN

August 20, 1922.                                   208 Pac. 871.

1. APPEAL AND ERROR—ERRORS APPEARING FROM JUDGMENT ROLL CONSIDERED WHERE ASSIGNMENTS WERE NOT FILED, THOUGH UPON APPEAL TAKEN AFTER JUDGMENT ON MERITS.

An appeal will not be dismissed, but will be heard on the merits, concerning errors appearing from the judgment roll where assignments were not filed after filing of record transcript, notwithstanding appeal was taken after trial and judgment on the merits.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by Etta M. Young against James A. Holman and another. Judgment for plaintiff, and defendants appeal. On motion to dismiss appeal. **Motion denied. Petition for rehearing denied.**

*Milton M. Detch,* for Appellants:

There are two appeals. One is from judgment and the other from order denying motion for a new trial. Nelson v. Smith, 42 Nev. 302. Motion to dismiss appeal is based upon fact that assignment of errors was not filed within ten days after filing of transcript. The motion cannot prevail, no assignment of error being necessary on appeal from judgment. Talbot v. Mack, 41 Nev. 245. The supreme court will pass upon judgment roll to determine errors, if any, which appear upon face of judgment roll. Lockwood v. Marsh, 3 Nev. 138; In Re Quinn's Estate, 27 Nev. 174. Where appeal is from judgment roll alone, errors appearing upon face of judgment roll need not be presented by assignment of errors. Smith v. Lucas, 43 Nev. 352, affirming rule laid down in Talbot v. Mack, supra, and Miller v. Walser, 42 Nev. 497.

The allegation of good faith and absence of intent to defraud in answer of grantee defendant, and not denied in reply, is admitted to be true. Stats. 1915, p. 193. A preferential transfer of property cannot be

declared fraudulent as to other creditors, although debtor in making it intended to defeat other claims, and creditor had knowledge of such intention, if preferred creditor did not actually participate in debtor's fraudulent purpose. 20 Cyc. 472. A creditor violates no rule of the law when he takes payment of security for his demand, although others are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims. Wheaton v. Neville, 19 Cal. 46; Van Sickle v. Wells Fargo & Co., 105 Fed. 25.

*John S. Sinai* and *Platt & Sanford,* for Respondent:

The case having been disposed of on merits, in absence of any assignment of errors appeal from judgment must be dismissed. Coffin v. Coffin, 40 Nev. 345. Talbot v. Mack and Miller v. Walser are easily distinguishable from case at bar. In each of those cases the appeal was from order sustaining demurrer to complaint and judgment thereon, while in instant case appeal was taken after trial on the merits in district court. Smith v. Lucas, 43 Nev. 352.

By the Court, DUCKER, J.:

This is a motion to dismiss an appeal taken from the judgment and order denying a motion for a new trial. By stipulation of counsel it was heard in advance of a hearing on the merits.

The transcript of the record on appeal was filed in this court on the 7th day of April, 1922. The notice of motion and motion to dismiss were served upon counsel for appellants on the 20th day of April and filed on the 21st day of April, 1922. The motion to dismiss is based upon the ground that no assignment of errors has been served and filed within ten days after the filing of the transcript of the record on appeal in this court, or at all. Appellants contend that they are entitled to have considered such errors as may appear from the judgment roll without any assignment thereof. In support of this contention they rely upon the rulings of this court in Talbot v. Mack, 41

Nev. 245, 169 Pac. 25; Miller v. Walser, 42 Nev. 497, 181 Pac. 437, and Page v. Walser, 43 Nev. 422, 187 Pac. 509. In the first two cases it was held that it was unnecessary to assign errors appearing on the face of the judgment roll, and this ruling was applied in the latter case to errors appearing from a record consisting of the amended complaint, demand for change of venue, affidavit in support of the motion, written stipulation, and the order appealed from, upon the ground that such a record was substantially the same as the judgment roll.

In Talbot v. Mack and Miller v. Walser, the appeal was taken from a judgment rendered after a demurrer to the complaint had been sustained and the appellants had declined to amend.

Respondent takes the position that these decisions are not in point, for the reason that in the present case there has been a trial and judgment upon the merits. It is also urged that this court, in its decisions in Talbot v. Mack, supra, and Smith v. Lucas, 43 Nev. 348, 186 Pac. 674, has expressly restricted the application of the doctrine that errors appearing upon the face of the judgment roll need not be assigned from cases where there has been a trial upon the merits. We do not think that the language quoted from these cases to sustain this contention is capable of such an interpretation. However, it clearly appears that it was not the purpose of the court in either of these decisions to designate two classes of cases, in one of which errors appearing from the face of the judgment roll could be considered on appeal without an assignment of errors, while in the other class an assignment of such errors is indispensable.

In Talbot v. Mack, the court merely sought to distinguish the case from Coffin v. Coffin, 40 Nev. 345, 163 Pac. 731, in which, as stated by the court in the former decision, the errors were not contended for as pertaining to matters properly appearing in the judgment roll.

It is also apparent that the language of the court

quoted by respondent from the case of Smith v. Lucas to sustain her contention was employed to distinguish that decision from the cases of Talbot v. Mack and Miller v. Walser, in respect to the fact that the error contended for in the former case did not appear from the judgment roll.

There is no valid reason for limiting the rule dispensing with an assignment of errors as established in Talbot v. Mack and adhered to in the other cases mentioned to cases where the appeal has been taken in advance of a trial on the merits. The motion to dismiss the appeal is denied.

It is so ordered.

## ON PETITION FOR REHEARING

November 8, 1922.

*Per Curiam:*

Rehearing denied.